## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. THOMPSON. (No. 3145.)

Court of Civil Appeals of Texas. Amarillo. June 19, 1929.

Jos. H. Aynesworth, of Stinnett, and Chamberlain, Greene & Wade, of Dallas, for plaintiff in error.

Henry D. Meyers, of Borger, for defendant in error.

HALL, C. J. This action arose under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). The defendant in error is the claimant and the plaintiff in error the insurer. An award was made by the Industrial Accident Board, from which plaintiff in error, hereinafter called the company, appealed to the district court of Hutchinson county. The company filed its original petition on May 5, 1927, against Thompson, the claimant, and R. H. Vogel and John R. Gray, his attorneys.

Omitting the formal allegations of the petition, the company alleged, in substance, that on April 1, 1927, the Industrial Accident Board of the state of Texas hereinafter called the board, made an award in the matter of Roy A. Thompson, employee, against C. N. Ochiltree, employer, and the Zurich General Accident & Liability Insurance Co., Limited, insurer, under which award there will accrue to Thompson a sum in excess of $3,000, exclusive of interest and costs; that the accident for which compensation is claimed occurred in Hutchinson county, and a certified copy of the award is filed with the petition for jurisdictional purposes only; that the company is not willing to abide by the award of the board, and, within 20 days after the award was made, it served written notice on the board and on the defendant, Thompson, and his attorneys of its unwillingness to abide by the board's decision, and has filed this suit in accordance with the statutory provisions. The prayer is for judgment setting aside the award of the board, for costs and general relief.

On December 20, 1927, the defendants filed their first amended original answer, which consists of a general demurrer, a general denial, and specially denies that the company gave the notice of appeal required by the statute, and further alleges that the company has failed to prosecute its appeal with effect within 20 days after being served with notice of appeal; that Attorneys Vogel and Gray have withdrawn from the case since this action was filed in the district court, and that Henry D. Meyers is now representing defendant Thompson as attorney; that Thompson, on and prior to August 3, 1926, was employed as a tool dresser by C. N. Ochiltree, a drilling contractor, and on said day Ochiltree was a subscriber and was insured by the plaintiff company, which company was engaged in issuing policies of insurance covering the liability of employers who subscribed to the provisions of the Compensation Law; that on said 3d day of August, 1926, Thompson sustained the injuries herein described to his eyes and ears; that he had been an able-bodied man, with his hearing and sight unimpaired; that in the course of his employment in the drilling of an oil well in Hutchinson county he was working on said day near the well when a sudden eruption of oil, gas, and sand was emitted from the well, with heavy pressure, causing oil, gas, and sand to strike him with great force about the head and in his eyes and right ear; that he was forced immediately to quit work and obtain medical attention,

and spent much time in the care of physicians and eye and ear specialists in an effort to have his eyes and ear cleaned and restored to sight and hearing; that he was discharged by the physicians without being cured, and advised that no medical or surgical treatment could effect a cure; that since the accident he has not been able to hear with his right ear on account of an inward roaring, resulting in a nervous strain, and, when in the presence of noise, his left ear also becomes affected; that his eyesight has been impaired, and, despite the best personal and medical care and attention, his hearing and sight have become worse, and he is informed and believes and alleges the fact to be that he has sustained a total permanent disability in the hearing of his right ear, and that the left ear is also affected through sympathetic affection to such an extent that there is a prospect of the loss of hearing in his left ear; that his eyes will not stand the strain of reading or bright lights; that he is an oil field mechanic, and for several years prior to the injury his wages were $13 or $14 per day as a mechanic and tool dresser; that he is no longer able to follow any gainful occupation requiring the use or application of his sense of hearing, and, being an uneducated man, depending upon manual labor, his earning power has been reduced to that of a low-class wage earner, and he has suffered serious impairment of his future occupational opportunities; that he was totally incapacitated for thirteen weeks following the injury, entitling him to twelve weeks' compensation at $20 per week, or $240; that plaintiff has paid him three weeks' compensation, or $60, leaving a balance of $180 due; that he has suffered permanent disability to the extent of 50 per cent. and more in his hearing and in his ability to see, and such percentage of disability, as computed and related to his average weekly wage of $75 entitles him to compensation for 300 weeks at $20 per week; that he has received no compensation for over a year, and has been unable to work, incurring unpaid obligations which, together with probable inability to earn sufficient wages in the future to sustain himself and dependents, by reason of which facts, he is entitled to a lump sum settlement, or, in lieu thereof, that the periods of payment be decreased, and a corresponding increase in the amount of such payments. He further alleges that his employer, Ochiltree, was present at the time of the accident, and had notice thereof; that the company and the board were also duly notified of the injuries; that, within six months after notice of injury, he filed his claim for compensation with the board, which assumed jurisdiction of the matter; and that plaintiff has made payments of compensation on the claim.

The company filed what is styled a cross-action on January 23, 1928, which consists of a general demurrer, general denial, and a prayer that Thompson be required to elect "between the causes of action in said cross-action contained."

In response to special issues, the jury found: (1) That Thompson's injuries resulted in partial incapacity to work; (2) that said incapacity amounted to 50 per cent.; (3) that the average weekly wage of Thompson on August 3, 1926, and for some time prior thereto, was $75; (4) that Thompson's injuries resulted in total incapacity to work or labor; (5) which continued for twelve weeks.

From a judgment entered in accordance with the verdict, the company prosecutes this appeal.

The first complaint is that the court erred in not directing a verdict for the company.

The contention under the first proposition is that the petition fails to allege the necessary facts to give the court jurisdiction, in that the amount of the claim is not set out.

The first contention is that the court should have directed a verdict for the plaintiff, because the answer was insufficient in failing to allege the jurisdictional facts specified in the case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084.

In Davies v. Texas Employers' Insurance Association (Tex. Com. App.) 16 S.W.(2d) 524, 525, Judge Speer held that "the allegation that Davies claimed compensation before the Board by reasonable intendment means that he claimed compensation in a lawful manner; that is, in the manner required by statute. This could only be after notice, and upon claim duly presented to the Board within the statutory time, or for good cause a waiver by the Board of those requirements."

That case further announces the general rule that, as against a general demurrer, allegations of the adverse party may be looked to in aid of the proceedings attacked by the demurrer. Applying these rules, with reference to appellant's petition, which contains allegations in a general way showing the jurisdiction of the court, the trial judge did not err in overruling appellant's demurrer. While it is not alleged that the claim filed by Thompson was in excess of $500, from the allegation that under the award there will accrue to him a sum in excess of $3,000, exclusive of interest and costs, the reasonable intendment is that his claim was for more than $500 and the presumption arises that no award of that sum would or could have been made upon a claim for a smaller amount. We therefore overrule the first contention.

It is next insisted that there is no allegation upon the part of the claimant that any notice of appeal was given or that any appeal was ever taken as and when required by law. The holding in the Davies Case requires us to overrule this point also.

The third proposition is that, while it was inferentially alleged that the employer had been insured by the plaintiff in error, there is, nevertheless, no evidence of sufficient import to cause an issuable fact to arise under

156

the plaintiff in error's general denial, and none did arise showing that the employer was insured by the plaintiff in error.

The next and most serious contention is that, because there is no evidence in the record showing that the appellant ever issued a policy to Thompson's employer, and no finding of the jury upon the issue of whether the employer and claimant were protected by an insurance policy, the judgment is without proper support.

No policy was introduced in evidence, and no witness testified that the appellant had ever issued one to Ochiltree. There is a statement in the award that such a policy had been issued, but this was not introduced in evidence, and, except for jurisdictional purposes, was inadmissible as testimony before the jury. In United States Fidelity & Guaranty Co. v. Summers (Tex. Civ. App.) 262 S. W. 247, based upon correspondence by the insurer, and upon the presumption that the court found that a policy had been issued in the absence of a finding by the jury to that effect, it was held that proof of this fact was sufficient, but, since the decisions in Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, and Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084, no such presumption can be indulged by this court. Proof of the issuance of a policy being a material fact necessary to the claimant's right to recover against appellant under the two cases just mentioned, the issue must be held to have been waived, and this contention is therefore sustained.

Numerous objections are made to the charge, and error is assigned upon the action of the court in refusing certain special issues, which may be disposed of by the general statement that it is the duty of the court to submit every material issue raised by the pleadings and supported by the evidence, and that an issue should present only the ultimate fact to be determined, and not mere matters of evidence.

For the reasons stated, the judgment is reversed, and the cause remanded.