## TEXAS INDEMNITY INS. CO. v. ALLISON.

### No. 3082.

Court of Civil Appeals of Texas. El Paso.
Nov. 1, 1934.

Don Emery, R. K. Batten, T. L. Dyer, and W. J. Loftus, all of Amarillo, for appellant.

Joseph A. Beyer, of Crane, and Clyde E. Thomas and Martelle McDonald, both of Big Spring, for appellee.

WALTHALL, Justice.

This suit is prosecuted from an order of the Texas Industrial Accident Board under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309), refusing an award. We adopt the statement of the nature and result of the suit in appellant's brief, as substantially correct. •

This is an appeal from a judgment of the honorable district court of Crane county, Tex., and from an order of the court overruling a motion for a new trial in a case, which in the trial court plaintiff (appellee here) was claiming compensation under the Workmen's Compensation Laws of the State of Texas, against defendant (appellant here) as insurer of Standish Oil Company and/or Phillips Petroleum Company, the employer of appellee.

Appellee alleged that on or about the 26th day of October, 1932, he was in the employ of Standish Oil Company and/or Phillips Petroleum Company and engaged in work for said companies or one or both of them, working at the plant of the Phillips Petroleum Company at Crane, Crane county, Tex.; and on said date, while in the course of his said employment, plaintiff sustained serious and permanent injuries; that on said date he was engaged in turning on and adjusting steam valves on boilers located in the plant of said Phillips Petroleum Company and went across the top of said boilers to where said valves were, passing through a cloud of poisonous gas escaping through the top of the boilers, and as a result thereof he inhaled large quantities of poisonous gas and poisonous gaseous fumes; that by reason of said inhalation of said gas and fumes his nose, mouth, throat, bronchial tubes, lungs, and entire respiratory system were burned, seared, and irritated, causing a fibrosis condition of the lungs, destroying the normal functions of said lungs; that his lung capacity has been diminished; that by reason of said destruction of lung tissue he has become anemic and has developed tuberculosis both in his right lung and in his left lung; and that as a result of all that he has been rendered permanently and totally disabled. Notice of injury and filing of claim before the Industrial Accident Board, award of the board, notice of intention to appeal, and the appeal by the filing of this suit were pleaded.

Defendant answered said suit by general demurrer, general denial, and special pleas.

Issues being thus joined on the pleadings, the case was tried to a jury and, at the close of all the testimony, was submitted to the jury on special issues, the jury finding in answer to said special issues: That plaintiff

sustained personal injuries on October 26, 1932; that the injuries were sustained in the course of his employment with Standish Oil Company; that said injuries so sustained resulted then or afterwards in total incapacity which total incapacity was permanent; and that plaintiff should receive his compensation in one lump sum. Judgment was entered in said cause in favor of plaintiff and against the defendant in the total sum of $5,297.89, with interest.

On the overruling of its motion for a new trial appellant duly prosecutes an appeal to this court.

### Opinion.

On the verdict as rendered the trial court entered judgment for appellee that he recover from appellant compensation for the period of 401 weeks, the payment to begin on March 1, 1933, and, less the discount, the amount be paid in one lump sum.

Appellant presents four propositions. The first two propositions assert, in effect, that appellee failed to show that appellant had issued its policy of insurance to appellee's employer, and that said policy was in force at the time of appellee's injuries.

No policy of insurance is found in the statement of facts and appellee virtually concedes that no policy was introduced in evidence.

Appellant's answer as applying to the question now under consideration was a general denial. Appellant filed no pleading under oath.

■ There is in the record certified copies of notice issued by the Industrial Accident Board that the employer had become a subscriber under the Employers' Liability Act, stating the policy numbers, their date effective as to the subsidiary company when insured, June 1, 1932, and expired June 1, 1933. Such copies, however, were offered in evidence before the court in the absence of the jury, and were limited by appellee at the time of their introduction, "for jurisdictional purposes only." It seems from the record that at no time during the trial of the cause was the purpose for which the notices were offered broadened. The record does not show that the certified copies of notices were introduced as evidence before the jury. The question whether appellant had issued such policy as alleged of insurance and whether appellee's injuries occurred during the time such policy was in force were issuable facts for the jury. In the absence of such proof appellee has not made out a prima facie case.

For the reason stated the case is reversed and remanded.

■ In view of another trial, and without arguing appellant's propositions Nos. 3 and 4, we think that under sections 10 and 11 of article 8306 of the statute (Vernon's Ann. Civ. St.), the jury should have been permitted to answer as to partial incapacity, its inception and duration, regardless of the jury's finding as to the existence of total permanent incapacity. Texas Employers' Ins. Ass'n v. Kelly (Tex. Civ. App.) 71 S.W.(2d) 901, and cases cited.

■ We think also where the X-ray picture of appellee's lungs and chest was not put in evidence, the picture from the medical book purporting to show the human lungs with tubercular involvement in its early stages should not have been exhibited to the jury or commented upon in argument. We very much doubt whether the medical book, under any circumstances, should have been exhibited to the jury. 22 C. J. p. 923, par. 1127, and cases cited under note 7, and especially the Texas cases under said note. See, also, Dallas Ry. & Ter. Co. v. Curtis (Tex. Civ. App.) 53 S.W.(2d) 85 (par. 4, p. 87), the opinion by Judge Pelphrey of this court.