**TRADERS & GENERAL INS. CO. v. MILLI-KEN et al.**

**No. 4487.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 28, 1935.

Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, and Will R. Saunders, of Amarillo, for plaintiff in error.

Ennis C. Favors and Willis, Studer & Studer, all of Pampa, for defendants in error.

MARTIN, Justice.

This is a suit for workman's compensation. The parties will carry here their trial court designation. Plaintiff's petition contained all the usual and necessary allegations in suits of this character, concerning which no complaint is made here, and only the substance of its allegations material to the legal issues discussed will be noticed. Plaintiff alleged and proved a back injury, happening in the course of his employment as a "roughneck" or roustabout worker in the oil fields. He alleged and offered evidence tending to prove that such injuries were of a permanent nature and totally incapacitated him. It was proven defensively that he had suffered prior injuries, for which he had received compensation. Judgment upon special issues was entered for plaintiff.

It is contended that the answers of the jury to some of the material issues were conflicting, so that the court was without authority to enter judgment for plaintiff. We here reproduce three of these with the respective answers to each:

"Do you find from a preponderance of the evidence that the injuries which were incurred by the plaintiff prior to September 7, 1933, if any, or their effects, if any, contributed to the total incapacity, if any, of the plaintiff, N. M. Milliken? Answer Yes or No."

"Answer: Yes." * * *

"What percentage of the total incapacity, if any, do you find from the preponderance of the evidence was contributed to the total incapacity, if any, by the injuries received by the plaintiff prior to September 7, 1933, or their effects, if any? You will use 100% as a basis for total incapacity; answer in terms of percentage."

To which the jury answered, "No per cent." * * *

"Do you find, from a preponderance of the evidence that any injury or injuries suffered by the plaintiff prior to September 7, 1933, did not contribute to plaintiff's total incapacity, if any he had? Answer Yes or No."

Answer: "Yes."

In our opinion there is an irreconcilable conflict between the first and each of the last two. The prior injuries could not have contributed to the total incapacity of plaintiff, and at the same time contributed nothing as found in the first and second answers above. In the first and third, the answers are that such injuries did and did not contribute to such total incapacity. The first issue quoted presented a material issue supported by ample testimony. Plaintiff testified to two injuries received as a workman prior to September 7, 1933, which is the date of the accident upon which his present suit is based. He received compensation in both cases. He received a third injury also, which furnishes the chief and perhaps the only basis for the submission of the quoted issues. This for a back injury received in the Army. Concerning this plaintiff testified in part:

"Q. How long have you been drawing compensation from the Government? A. The first check I got was in the fall of 1921.

"Q. How much was that check? A. Well, I disremember, it was three hundred and something, dollars.

"Q. And you have been drawing compensation regularly since then? A. Yes sir. * * *

"Q. Did you sign any papers when you began drawing that compensation? A. Yes, I have signed lots of papers.

"Q. Told them your back was injured, too, didn't you? A. Well, they could see that, yes.

"Q. And it was injured? A. Yes sir, sure. * * *

"Q. And you told him at that time, on account of being hurt in the service, your back was hurting you and giving you trouble and had since you had been hurt, didn't you? A. Well, I don't know just what word was passed.

"Q. That was the substance of it, wasn't it? A. Yes sir.

"Q. You haven't written the Government at all then that you have recovered? A. No sir.

"Q. And your checks come regularly? A. Yes sir.

"Q. And you take them and cash them? A. Yes sir.

"Q. And now you don't claim you are injured or have any disability as a result

of the injury you received in the service, is that correct? A. Well, I still have the scar there."

It is not surprising in view of this testimony that we find the answer of "Yes" to the first issue above quoted. True, plaintiff testified he had recovered from this Army injury, but admitted he was still drawing compensation for same. From this circumstance, the inference is a fair if not compellable one, that plaintiff's Army injury continued up to September 7, 1933, and contributed to his total incapacity.

We sustain this assignment. Garlitz v. International-G. N. R. Co. (Tex. Civ. App.) 11 S.W.(2d) 591; Muckleroy v. C. S. Hamilton Motor Co. (Tex. Civ. App.) 33 S.W.(2d) 260.

■ It is alleged by plaintiff that defendant had issued its policy of insurance to his employers under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.) and that such policy was in full force and effect. Plaintiff, in the absence of the jury and for jurisdictional purposes only, offered a certified copy of "Notice that Employer had become a Subscriber," etc. We find no other evidence of any probative force of any contract of insurance issued by defendant. The allegation of coverage above mentioned had to be made and proof of it was indispensably necessary. The above evidence proved jurisdiction, but not liability. It is specifically limited to such, before the court only, and not offered as showing liability. The two are not identical. We sustain defendant's assignment questioning the sufficiency of the evidence to show liability. Texas Indemnity Ins. Co. v. Allison (Tex. Civ. App.) 75 S.W. (2d) 999; Zurich General Accident & Liability Ins. Co. v. Thompson (Tex. Civ. App.) 19 S.W.(2d) 153.

■ Plaintiff recovered judgment herein under subdivision 3 of section 1, art. 8309, R. S. 1925. Before plaintiff was entitled to recover under subdivision 3, supra, the burden rested upon him to prove that it was impracticable to compute his average weekly wages under either subdivisions 1 or 2 of said article 8309. American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26. In an effort to meet this requirement, plaintiff alone testified to the amount of time worked by him as a roustabout or "roughneck" during the year next imme-

diately preceding the date of his injury. According to his testimony, he only worked a few days. Other testimony shows that employees of the same class failed to work substantially the whole of such year in this or similar employment. The trial court impliedly found as a matter of law the existence of plaintiff's right to recover under subdivision 3. He probably was correct as to the sufficiency of the evidence to exclude plaintiff's case as a matter of law from the operation of subdivision 2, supra. The evidence as to subdivision 1 came only from plaintiff, an interested witness, and under circumstances which we deem sufficient to require its submission as an issue to the jury. Defendant's requested issue No. 1 covering the number of days plaintiff worked during that time was refused by the court. The attention of the court was not specially directed to this matter in any other way. In view of our disposition of this case, we call attention to this and quote from Texas Employers' Ins. Ass'n v. Hilderbrandt (Tex. Civ. App.) 62 S.W.(2d) 209, 210: "His testimony was subject to the rule announced by Commission of Appeals in Mills v. Mills, 228 S. W. 919, 920: 'It is settled law in Texas that it matters not how positive and uncontradicted the testimony of an interested party may be, the question of his credibility must be submitted to the jury.' * * * The issue was for the jury and without a jury finding thereon in appellee's favor the judgment was without support."

We quote this without specifically approving its broad language as a correct general rule applicable to all cases. See recent case of Security State Bank of Tahoka v. Spinnler (Tex. Civ. App.) 78 S.W.(2d) 275, 279, where numerous authorities on this question are collated.

■ Some of the witnesses testified that no "roughnecks" worked in the same or similar employment for substantially the whole of the year preceding September 7, 1933, to which defendant objected because same called for a conclusion of the witness on a legal question. "Substantially the whole of the year" is a legal phrase with a well-defined meaning. Petroleum Casualty Co. v. Williams (Tex. Com. App.) 15 S.W.(2d) 553. The objection is technically correct. The error, if any, was harmless in this case, since other unobjectionable testimony conclusively established this fact.

506

The defendant contends that the following issue was on the weight of the evidence in that it assumed that plaintiff had suffered total incapacity: "What do you find from a preponderance of the evidence to be the number of weeks, if any, of such total incapacity, if any? Answer by stating the number of weeks, if any, of such total incapacity, if any." It would be difficult, it seems to us, to frame a more correct charge as against the objection urged. The phrase "if any" occurs four times in about four lines. This saves the charge from the objection urged. The case of Great American Indemnity Co. v. Russell (Tex. Civ. App.) 63 S.W.(2d) 402, cited by defendant, is no authority for his contention, even if such case announces a correct conclusion, which we gravely doubt.

In conclusion, we briefly advert to one phase of this case in view of another trial.

"Special Issue No. 11, submitted by the trial court, was as follows:

" 'What do you find, from the preponderance of the evidence, was the average weekly wages being earned by the plaintiff at the time of the injury, if any he sustained on September 7, 1933?

" 'Answer by stating the amount, if any, found by you; and in connection with the foregoing special issue No. 11, you are instructed to arrive at the average weekly wages in such manner as may seem to you just and fair to both the plaintiff and the defendant; that the average annual wages of an employee is 300 times such a one's average daily wages, and that the average weekly wages of an employee shall be a 1/52nd part of the average annual wages.'

"The defendant objected and excepted to the submission of special issue No. 11 for the reason that the charge given in connection therewith was highly misleading and confusing; and for the further reason that said charge did not tell the jury the proper way to arrive at the average weekly wage of he plaintiff."

The trial court did tell the jury the "proper way to arrive at the average weekly wage of plaintiff," to wit, "in such manner as may seem just and fair to both plaintiff and defendant." This is substantially the language of the statute. Article 8309, § 1, subd. 3. How could the court under this submit a mathematical formula? How this misled the jury is not pointed out. It was not correct to give the last clause, since this applies particularly to subdivisions 1 and 2 of said article 8309, and was calculated to cause the jury to render a verdict under said subdivisions 1 or 2, when no such recovery is authorized.

The references to the proven facts are meager in the briefs of both parties, so much so that we do not undertake to discuss what might be a grave question in this case. It is not our duty to search the statement of facts for evidence. We are not able to determine the precise terms and conditions of the contract of employment between plaintiff and defendant, nor his actual total earnings, nor his probable future earnings. The question of an excessive verdict has not been pointedly raised. Some of defendant's contentions properly belong under such an assignment. Upon another trial the facts will perhaps be more fully developed and presented in case of an appeal. Until such time, we decline to be drawn into a discussion of questions which we are not able to appraise in the present condition of the record.

Judgment reversed and cause remanded.