## TRADERS & GENERAL INS. CO. v. RUDD et al.

### No. 3058.

Court of Civil Appeals of Texas. Beaumont.

Feb. 18, 1937.

Collins & Collins, of Lufkin, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellant.

Harvey T. Fleming, of Houston, and Adams & McAlister, of Nacogdoches, for appellees.

WALKER, Chief Justice.

This was a compensation case on allegations that appellant, Traders & General Insurance Company, was the compensation insurance carrier, Jim Rudd, deceased, the employee, and Angelina County Lumber Company, the employer. The suit was filed in the district court of Angelina County by Mrs. J. E. Rudd, suing individually as the widow of Jim Rudd, and as next friend for their five minor children, to set aside an adverse award of the Industrial Accident Board. For cause of action she alleged that she was the surviving widow of Jim Rudd, and that the five minor children, named in her petition, were children born to her and the deceased. She alleged further that on the 22d day of May, 1931, the deceased was an employee of the Angelina County Lumber Company, and while working in the course of his employment received injuries that resulted in his death; that appellant was the compensation insurance carrier; that due notice was given of the injuries received by the deceased; that claim was made to the Industrial Accident Board for compensation and refused; that due notice was given of refusal to abide by the award of the board, and this claim was duly prosecuted

to the district court of Angelina county by the filing of this suit. The case was tried to a jury, and on its verdict judgment was entered in favor of appellees, the widow and children of the deceased, Jim Rudd, for compensation; from that judgment appellant has duly prosecuted its appeal to this court.

■ Appellant's first point is that appellees failed to offer proof raising the issue that it was the compensation insurance carrier. Appellees had in court evidence raising that issue, but this evidence was presented to the judge in the absence of the jury with this statement: "The plaintiffs introduce in evidence for jurisdictional purposes only and before the court only the following." No evidence to the effect that appellant was the compensation insurance carrier was submitted to the jury. Directly in support of appellant's first proposition we quote as follows from Traders & Gen. Ins. Co. v. Milliken (Tex. Civ.App.) 87 S.W.(2d) 503, 505: "It is alleged by plaintiff that defendant had issued its policy of insurance to his employers under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.) and that such policy was in full force and effect. Plaintiff, in the absence of the jury and for jurisdictional purposes only, offered a certified copy of 'Notice that Employer had become a Subscriber,' etc. We find no other evidence of any probative force of any contract of insurance issued by defendant. The allegation of coverage above mentioned had to be made and proof of it was indispensably necessary. The above evidence proved jurisdiction, but not liability. It is specifically limited to such, before the court only, and not offered as showing liability. The two are not identical. We sustain defendant's assignment questioning the sufficiency of the evidence to show liability. Texas Indemnity Ins. Co. v. Allison (Tex.Civ.App.) 75 S.W.(2d) 999; Zurich General Accident & Liability Ins. Co. v. Thompson (Tex.Civ.App.) 19 S.W.(2d) 153." See, also, Zurich General Accident & Liability Ins. Co. v. Thompson (Tex.Civ.App.) 19 S.W.(2d) 153, 156; Texas Indemnity Ins. Co. v. Allison (Tex. Civ.App.) 75 S.W.(2d) 999.

■ The issue of appellant's liability as the compensation insurance carrier was not submitted to the jury; on that issue, in entering judgment, the lower court made the following specific finding: "That the Angelina County Lumber Company carried compensation insurance with the Traders & General Ins. Company, a corporation duly and legally incorporated under the laws of the State of Texas, and doing a general compensation insurance business in the State of Texas, and in Angelina County, May, 1930, insuring the employees of the Angelina County Lumber, and insuring J. E. Rudd particularly in Angelina County, State of Texas, which policy was in full force and effect May 22, 1931, and at all times germane to this suit."

Appellant makes the following points against this finding:

(a) This being an independent issue, under the doctrine of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, the court had no power to make a finding thereon. In Zurich General Accident & Liability Ins. Co. v. Thompson, supra, on this point the court said: "It was held that proof of this fact was sufficient, but, since the decisions in Bulin v. Smith (Tex.Com.App.) 1 S.W.(2d) 591, and Ormsby v. Ratcliffe [117 Tex. 242] 1 S.W.(2d) 1084, no such presumption can be indulged by this court."

On a similar point in Norwich Union Ins. v. Chancellor, 5 S.W.(2d) 494, 495, the Commission of Appeals said: "This vital issue of whether or not defendant in error was an employee of Wattinger was not submitted by the court, nor was it requested by either party to be submitted. Under these circumstances, such issue was waived, and the presumption cannot be indulged that the trial court found it in such way as to support his judgment."

(b) Appellant makes the second point that there was no evidence before the jury raising the issue that it was the compensation insurance carrier. In its brief appellant says that the only evidence on this issue was a copy of report of an accident to an employee. The authorities support appellant's contention that this report was without evidentiary force, citing article 8309, § 5, R.S.1925, reading: "The reports of accidents required by this law to be made by subscribers shall not be deemed as admissions and evidence against the association or the subscriber in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber."

In Texas Employers' Ins. Ass'n v. Lynch, 29 S.W.(2d) 899, 901, Judge Levy, speaking for the Texarkana Court of Civil

Appeals, held that report of an accident was without evidentiary force; discussing the report as evidence, he said: "It is believed that the above evidence may not be held legally competent evidence as against the association to prove that it was the insurer. The report of the accident is made inadmissible by the terms of the statute 'as admissions and evidence against the association or the subscriber.'"

■ Appellant complains of the court's refusal to submit certain defensive issues; these assignments are based upon mere exceptions to the court's charge without a submission to the court by appellant of the requested issues. The majority of this court has recently held in Texas & N. O. Ry. Co. v. Crow (Tex.Civ.App.) 101 S.W. (2d) 274, that a mere exception was not sufficient to present the error complained of.

The failure of the court to define certain legal terms, the errors assigned against the issue of the deceased's average weekly wage, the errors assigned against argument of appellees' counsel, and the issue of want of necessary parties, will probably not arise on another trial.

The case is before us without brief by appellees.

For the errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.

COMBS, Justice (concurring).

I concur in the holdings set forth in the opinion of Mr. Chief Justice WALKER, for, as demonstrated in the opinion, they follow the rule of decision obtaining in this state, and an orderly procedure requires that we should follow the established rule of decision, whatever it may be. It is not the function of a Court of Civil Appeals either to abrogate or modify an established rule of decision, nor to disregard it.

Now the only material question at issue in this case was whether the deceased husband and father of the plaintiffs died as a result of the injury which he received in May, 1931. It is not disputed that he received an injury at that time; that it was received in the course of his employment for the Angelina County Lumber Company; and that notice of it was seasonably given and claim for compensation filed. As to whether the death of Rudd was due to such injury was submitted to the jury and determined in favor of the claimants. For the purpose of this discussion it is fair to assume that the jury were warranted from the evidence in so finding.

The plaintiffs failed to make proof, by the introduction of any competent evidence, before the jury, that the defendant, insurance company, was in fact the compensation insurance carrier of the Angelina County Lumber Company. Of course, technically the burden was on the plaintiffs to make such proof. It was not made. But the insurance company did not contend in the trial court, nor does it here contend, that it was not in point of fact the insurance carrier. The documentary evidence introduced before the trial judge "for jurisdictional purposes only" included the notice of insurance coverage required to be given by the insurance carrier to the Industrial Accident Board, which notice shows on its face, over the proper signature of the insurance company, that it was the insurance carrier.

The technical errors upon which we are remanding this case have no conceivable bearing upon the correct determination of the only material issue in the case. Had the proof in question been submitted before the jury instead of being limited to jurisdictional purposes, there would have been no issue of fact upon that question to go to the jury. Admittedly, the defendant was the insurance carrier. Yet we are compelled, through the necessity of following a mere technical rule, to remand this case, in order that certain proof may be put before the jury which, of itself, cannot possibly change the result and which, after it is introduced, will present no issue of fact for the jury to determine. In the meantime the widow and children must wait another trip through the courts, or else settle for what they can get.

This writer cannot refrain from remarking, in conclusion, that our courts seem to have lost, in recent years, their power to do justice except as a mere incident of following, meticuously, an elaborate and increasingly more complicated system of rules. In doing that we give the appearance of disregarding the right and justice of the particular case under review. A litigant who thus suffers the remand of his case on such apparently trivial grounds must regard us as devoid of all sense of right. To him it must appear that we operate upon his rights with the calloused indifference of a senior medical student cutting on a cadaver. The doctrine of

harmless error which used to play an important part in the decisions of our courts has become, in application, almost as extinct as the dodo bird. And, while I appreciate the necessity for rules, as well as our duty to follow them as they are written, I am unwilling to assent to the holding in this case without voicing my protest against a practice which makes it necessary for me to do so.