## TRADERS & GENERAL INS. CO. v. MILLIKEN.

### No. 4797.

Court of Civil Appeals of Texas. Amarillo.

Oct. 11, 1937.

Simpson, Dorenfield & Fullingim, of Amarillo, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellant.

Ennis C. Favors, Willis & Via, Studer & Studer, and H. L. Wallace, all of Pampa, and Wm. C. McDonald, of Robert Lee, for appellee.

**FOLLEY, Justice.**

This is a workmen's compensation case from the district court of Gray county. It involves the second trial and appeal of the same cause which was heretofore reversed and remanded by this court in Traders & General Ins. Co. v. Milliken, 87 S. W.2d 503. We shall give the parties their trial court designation.

The plaintiff, N. M. Milliken, filed this suit to set aside an award of the Industrial Accident Board under the provisions of the Texas Employers' Liability Act (Rev. St.1925, art. 8306 et seq., as amended [Vernon's Ann.Civ.St. art. 8306 et seq.]). He alleged an injury to his back which he says occurred on September 7, 1933, in the course of his employment as a "roughneck" in the oil fields by a subscriber of the defendant, Traders & General Insurance Company. He sought to recover under first subdivisions 2 or 3 of section 1, article 8309, R.C.S. He pleaded that he had not worked substantially the whole of the year preceding his injuries, and the jury found upon his testimony that he had worked only eighty days in such employment preceding September 7, 1933. He also pleaded that other employees had worked substantially the whole of the year preceding his injuries in the same or similar employment in the same or neighboring place, seeking recovery under subdivision 2 of the above article. The jury found that other employees did work in the same or similar employment of the plaintiff for the year preceding September 7, 1933. The plaintiff failed to request a jury finding as to what was the average wage of such other employees. No such issue was submitted to the jury and therefore no finding made thereon. Plaintiff further alleged, in conformity to first subdivision 3 of section 1, article 8309, that if he was mistaken in his former allegations, and that due to shortness of the time of the employment of himself and other employees, or for other reasons, it was impracticable to compute the average weekly wages as defined in first subdivisions 1 and 2, he asked that his wages be computed in any manner that would seem just and fair to the respective parties. This allegation was supported both by proof and by the findings of the jury. The court disregarded the findings of the jury under subdivision 2 and rendered judgment for the plaintiff under subdivision 3 of the article. The defendant, having filed a general denial as to plaintiff's pleadings and a cross-action to set aside the same award of the Board, appeals to this court citing numerous alleged errors.

In its first four propositions the defendant attacks the authority of the court to render judgment under first subdivision 3 of section 1, article 8309, for the reason that the judgment should have been based on subdivision 2, in view of the finding of the jury that there were other employees in the same or similar employment who had worked for the year preceding September 7, 1933. Defendant further asserts that since there was no jury finding to establish the average wage of such other employees in conformity with subdivision 2 of the article, no judgment could have been rendered by the court under subdivision 2, and therefore the court was without authority to render any judgment for the plaintiff against the defendant.

■ We think the procedure required under article 8309 is well settled. The rule is that it is first necessary for the claimant to plead and prove his own wage rate under subdivision 1 of the article. If he cannot do so due to the shortness of time of his own employment, he must next resort to subdivision 2 of the article and establish his claim based on the average wage of other employees in the same or similar employment who have worked substantially the whole of the year preceding the injury. Before he can resort to subdivision 2, it must be shown that he cannot recover under subdivision 1. The burden is on the claimant in this respect. If he is unable to establish a recovery under subdivision 2, he may then, and in that event only, resort to subdivision 3. Likewise, before he can resort to subdivision 3, it must be shown that he cannot recover under subdivisions 1 and 2. The burden still rests on the claimant in this respect. In other words, before the claimant can compute his wage under subdivision 3, it must be shown that he cannot recover under either one of the former subdivisions. American Employers' Ins. Co. v. Singleton (Tex.Com.App.) 24 S.W.2d 26; Traders & General Ins. Co. v. Milliken et al., supra.

The plaintiff seeks to defend this alleged error on the theory that there was no evidence to support the finding of the jury that there were other employees who had worked the whole of the year preceding the injury, and that by reason of such lack of evidence, the finding of the jury contrary to the plaintiff's dismissal from the operation of subdivision 2 was immaterial, and the court was authorized to disregard such finding and render judgment under subdivision 3. The plaintiff did not file a motion for judgment non obstante veredicto.

We find from the evidence that the witness Jack Shirley testified that he knew all the "roughnecks" in and around Pampa during the year preceding the injury, and that none of them had worked as much as 300 days of that year. The plaintiff testified that he did not know of anyone that had worked as much as 300 days in such employment. Both of these witnesses testified that the average wage of "roughnecks" for such work during said year was $5 per day. The defendant contends that the evidence as a whole warranted the jury finding on the issue in question. Under the present state of the record before us, we think this question is overshadowed by a far more serious question involving the authority of the court to disregard a jury's finding even though said finding was unsupported by the evidence.

Article 2209 of the Revised Civil Statutes of 1925 reads as follows: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted." Under this article, which was passed by the Legislature in 1899, the court is obligated to render judgment in accordance with the findings of the jury. He has no other alternative except that he may set aside the verdict and grant a new trial. Under a similar article to that above quoted, the Legislature as far back as 1846 passed what is now article 2211 under the present Code. This article, until amended in 1931 (Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]), read as follows: "The judgments of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any."

■ These two articles embrace the same rule that was laid down originally by the common law. Under the common law, the court was bound by the findings of the jury except in extraordinary cases in which the instant case is not included. 33 C.J. 1178, par. 112, and cases therein cited.

Evidently, in order to alleviate this situation, in 1931 the Legislature amended article 2211 and brought into being in this state the statutory right of judgments non obstante veredicto. This article, as it now exists, reads as follows: "The judgments of the Court shall conform to the plead-

ings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

We call attention to the fact that this article as amended embraces the same language in regard to the form of the judgment and places the same restrictions upon the court to render a judgment in accordance with the verdict as do the former statutes, with one exception based on two conditions. The exception is that upon motion made and reasonable notice given, the court may render judgment non obstante veredicto. The two conditions upon which this motion must be based are, first, in the event a directed verdict would have been proper, and, secondly, where the issue submitted has no support in the testimony. These are the instances, and the only instances, when the court is not bound by the findings of the jury. In order to invoke the jurisdiction of the court and to empower him to disregard a jury finding, a motion therefor is required by this article.

The Commission of Appeals, in Massie v. Hutcheson et al., 270 S.W. 544, 545, lays down the rule that existed before article 2211 was amended in 1931. From the opinion in that case, which was adopted by the Supreme Court, we quote:

"Article 1990, V. S. Tex. Civil Statutes, in its plain language, and as interpreted by the courts of this state, gives an unequivocal answer to this query. That article provides:

" 'In all cases where a special verdict of the jury is rendered * * * the court shall, unless the same be set aside and a new trial granted, render judgment thereon.'

"In the case of Waller v. Liles, 96 Tex. 21, 70 S.W. 17, tried upon special issues, the court say:

" 'It is deducible from the ruling in that case (Ablowich v. Bank, 95 Tex. 429 [67 S.W. 79, 881]), that the findings of the jury upon the issues made by the pleadings in a case, although against the un-disputed evidence or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered.' [Citing authorities.]

"We think the authorities unquestionably establish the proposition that if the trial court submits an issue to the jury which under the pleadings is a material one to the decision of the case, and the jury is permitted to answer that issue, which answer is received by the court, then, under the statute, the trial court is without discretion except to set aside the finding and grant a new trial, or to render judgment upon and in conformity to the finding, even though the court should conclude that all of the testimony on which the answer to such issue is based was improperly admitted, and there is no evidence to uphold the finding."

■ Since the amending of article 2211 in 1931, the same rule as outlined above still exists in this state and can only be abrogated or expanded in the instances and the manner set out in the amendment. Hines et al. v. Parks et al. (Tex.Com. App.) 96 S.W.2d 970, 972. In the latter case, in an opinion by Judge German, approved by the Supreme Court, this question is discussed at length. After quoting from the Massie v. Hutcheson Case, supra, the court said:

"The amendment of 1931 was intended to obviate the apparent harshness of this rule, and to permit the disregarding of a special issue finding which had no support in the evidence. It is obvious, however, that even now in a case where there is a finding of a jury to a special issue which is raised by the pleading, the only authority which the court has to disregard such finding is that given by the statute; and, of course, as the right is conferred by the statute, it can be exercised only in the manner and under the circumstances prescribed by the statute.

"This article plainly provides that a trial court cannot enter a judgment non obstante veredicto, and cannot disregard any special issue jury finding except 'upon motion and reasonable notice.' "

■ Under the above authorities we think the jurisdiction of the court was not invoked to render judgment herein in utter disregard of the finding of the jury as above set out. Since the common law gave the court no such authority, and the statutes

gave him no such authority prior to the 1931 amendment to article 2211, it is apparent that any authority he had was conferred upon him by said amendment. Since the amendment provides a method by which the jurisdiction of the court may be invoked to disregard a jury finding, we think that method must be strictly followed. This method was not followed but wholly ignored, and we think the court was unauthorized to render a judgment based upon first subdivision 3 of section 1, article 8309, in the face of a finding that does not excuse the plaintiff from the operation of first subdivision 2. The fact that there was no testimony to support the issue submitted, under the above authorities, we think, is immaterial. The court submitted the issue and the jury made a finding thereon that limits a recovery to subdivision 2. Under the authorities, until subdivision 2 is eliminated, the pleadings and proof under subdivision 3 are of no avail to the court. They had just as well not have been in the case, and the court could not look to such for any assistance in rendering a judgment. Under the record in this case, the plaintiff and the court were relegated to subdivision 2. Beyond this they could not pass. The plaintiff had not overcome the burden placed upon him to show the lack of application of subdivision 2 to his cause of action. The dilemma of the whole situation is that the jury has found against plaintiff's contention that he was excused from the operation of subdivision 2. In this respect, he has failed to excuse himself from the operation of such subdivision and therefore he must look to this subdivision for his relief. Certainly, if there is no testimony to support the issue under subdivision 2, there would be no testimony to support a judgment thereon. We think it is apparent from the statement of facts that the testimony does not support the jury finding under subdivision 2; but since the court submitted the issue and the jury found contrary to plaintiff's recovery under subdivision 3, we think, under the above authorities, the court was bound by said finding until set aside in the manner provided by the amendment to article 2211. In such a state of the record, no judgment under any theory could have been rendered against the defendant. The only thing the court had authority to do was to grant the plaintiff a new trial. We therefore sustain this assignment.

In view of another trial of this case, we want to discuss some other phases of the alleged errors in the trial below. The defendant complains that the court has improperly placed the burden of proof on the defendant in the submission of the issues of partial incapacity. These issues placed the burden of proof upon the plaintiff to prove by a preponderance of the evidence that the plaintiff was partially incapacitated. The defendant does not complain on this appeal of the court's failure to submit its defenses of partial incapacity, affirmatively for the benefit of the defendant. Even though the defendant objected to the court's charge because the court had not so charged affirmatively for the benefit of the defendant, said objection is not brought forward on this appeal. Had this question been properly presented to this court, we would have sustained such an assignment. We think the rule is now well settled that the plaintiff is entitled to a submission of the issues of partial incapacity as a part of his cause of action upon which he might have recovered had the jury found against him on total incapacity and for him on partial incapacity. We think it is equally well settled that the defendant is also entitled to have such issues submitted affirmatively as a defense and that the plaintiff should have the burden of proving that there was no partial incapacity before he could recover upon total incapacity. In other words, the plaintiff was entitled to the submission of the above issues as a basis for recovery and the defendant as a ground of defense. Indemnity Ins. Co. of North America v. Boland (Tex.Civ. App.) 31 S.W.(2d) 518; Traders & General Ins. Co. v. Herndon (Tex.Civ.App.) 95 S.W.(2d) 540; Texas Indemnity Ins. Co. v. Nelson Thibodeaux (Tex.Com.App.) 106 S.W.(2d) 268. Inasmuch as the defendant does not complain in this court of the failure of the trial court to submit these issues affirmatively for the defendant as a ground of defense, we overrule this assignment.

The next ground of complaint is based on an objection to the court's giving of a special charge as to the burden of proof in regard to the several special issues submitted to the jury. The defendant asserts that such special charge was a general charge and therefore constitutes error when a case is submitted upon special issues. The court submitted each special

issue so as to require the jury to answer the same from a preponderance of the evidence. The defendant objected to such issues upon the ground that the court did not tell the jury upon whom the burden of proof was placed. In response to this objection the plaintiff prepared and requested a special charge, which the court gave, informing the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence the various issues submitted and enumerated them by number and substance. The plaintiff seeks to escape the consequences of such a charge upon the assertion that such special charge was invited by the defendant. The defendant made no request for such a charge and the sole ground upon which the plaintiff seeks to establish the invited error is contained in the objections of the defendant. We think there is no question that the charge as given is a general charge. Humble Oil & Refining Co. v. McLean (Tex.Com.App.) 280 S.W. 557; Standard et al. v. Texas Pacific Coal & Oil Co. et al. (Tex.Civ.App.) 47 S.W.(2d) 443 (writ dismissed).

Since the introduction of special issues in Texas, a general charge as to the burden of proof in connection with special issues has been condemned many times. Linn Motor Co. v. Wilson et al. (Tex.Civ.App.) 14 S.W.(2d) 867; Texas Employers' Ins. Ass'n v. Adcock (Tex.Civ.App.) 27 S.W.(2d) 363; Wootton et ux. v. Jones et al. (Tex.Civ.App.) 286 S.W. 680. Such a charge is condemned for the reason that it tells the jury, in effect, upon what party in the suit the burden rests as to the issues submitted, and informs the jury the legal effect of their answers. We recognize the fact that there are instances in which a party may invite the court to give a charge by exceptions to the court's main charge; but the plaintiff has cited us no case, and we have been able to find none, which holds that a defendant may invite error upon a charge requested by the plaintiff. We think the better practice is to follow the approved rule of submitting each issue from a preponderance of the evidence. Such a submission will tell the jury where the burden is but not upon whom it is placed.

Another complaint of the defendant is in regard to the jury finding in response to an issue as to the percentage of partial disability. The jury had first found that there was no partial disability and then, in response to the issue of percentage of partial disability, answered 100 per cent. Had the jury answered that there was partial disability, there certainly would have been a conflict in their finding when they had found total incapacity. Texas Employers Ins. Ass'n v. Phelan (Tex.Civ. App.) 103 S.W.(2d) 863; Traders & General Ins. Co. v. Woods (Tex.Civ.App.) 103 S.W.(2d) 1058. Since the jury found there was no partial incapacity, we think the finding of 100 per cent. partial incapacity in regard to the percentage was not a finding upon the controlling issue in regard to partial incapacity. The controlling issue was whether or not there was partial incapacity, and the jury answered that issue in the negative. We think such a conflict upon an issue, not controlling in its nature, could be reasonably reconciled by the court with all the other issues as found by the jury. Texas & P. Ry. Co. v. Gillette et al. (Tex.Civ.App.) 100 S.W.(2d) 170; Texas Indemnity Ins. Co. v. Dean (Tex.Civ.App.) 77 S.W.(2d) 748; Allen et al. v. Texas & N. O. R. Co. (Tex.Civ.App.) 70 S.W.2d 758.

Another complaint of the defendant is that the court gave a special charge at the request of the plaintiff instructing the jury as follows: "In respect to the daily and weekly wage, as used in the court's main charge, you are instructed that you may ascertain the same by multiplying the average daily wage by 300 and dividing the result by 52." A similar charge was condemned by this court in the former appeal of this case for the reason that the recovery was under first subdivision 3 of section 1, article 8309. When the proof shows that the plaintiff had not worked substantially a year and that no other employees had worked substantially a year, preceding the injury, as in the instant case, we think such a charge is objectionable for the reasons stated in the former opinion. The plaintiff also seeks to justify this special charge because the defendant, in its objections to the court's main charge, requested such an issue. Such a request would probably amount to invited error had not the plaintiff also made the same request, upon which request the record shows the court acted. The charge itself shows to have been given at the request of the plaintiff. As above stated, we have been unable to find any rule of law that would charge a defendant with invited error in the giving of a special charge at the request of a plaintiff.

■ The defendant further assigns as error the court's failure to instruct the jury not to consider the testimony of Dr. H. L. Wilder, alleging that his opinion as to the disability of the plaintiff was based in part upon subjective symptoms and self-serving declarations made by the plaintiff. The doctor did testify that he took into consideration the statements of the plaintiff in forming his opinion as to the plaintiff's disabilities. This testimony, standing alone, would be subject to the complaint made by the defendant. Texas Employers' Ins. Ass'n v. Wallace (Tex.Civ.App.) 70 S.W. 2d 832; Traders & General Ins. Co. v. Rhodabarger (Tex.Civ.App.) 93 S.W.2d 1180; Traders & General Ins. Co. v. Chancellor (Tex.Civ.App.) 105 S.W.2d 720. However, on a redirect examination, the doctor stated that aside from what the plaintiff had told him, and based solely on objective findings and the X-ray pictures, the same conditions would exist and his opinion would have been the same had he never seen the plaintiff. In view of the latter testimony, we think his testimony as a whole would not be subject to the error announced in the above authorities. We think, too, the motion as made was too general. Traders & General Ins. Co. v. Hunter (Tex.Civ.App.) 95 S.W.2d 158.

■ The last complaint of the defendant is an allegation of fundamental error in the court's failure to submit an issue as to whether the injury complained of above was accidental. The defendant did not request such an issue and made no objection in the trial court to the court's charge for such omission. The court gave a definition of an "injury" in conformity to the statute under our Workmen's Compensation Law. Under the facts in this case there was but one injury; and there is no intimation in the evidence of any willful intention upon the part of the plaintiff to injure himself. The question as to whether or not the injury was accidental was not raised by the testimony in any manner. From all the facts and circumstances in this case, we think the plaintiff brought himself clearly within the operation of the Workmen's Compensation Law, and it can be presumed as a matter of law in this case that his injuries were accidental. Texas Employers' Ins. Ass'n v. Mints et al. (Tex.Civ.App.) 10 S.W.2d 220.

For the errors discussed in the opinion, the judgment of the trial court is reversed and the cause remanded.