## TEXAS EMPLOYERS' INS. ASS'N v. McGRADY et al.

### No. 9292.

Court of Civil Appeals of Texas. Galveston. June 13, 1930.

See also 296 S. W. 920.

Morris, Sewell & Morris, of Houston, for appellant.

J. D. Pickett, of Palestine, for appellees.

PLEASANTS, C. J.

This is a suit by appellees to recover of appellant compensation for the death of L. E. McGrady, the husband of appellee Mrs. Tommie L. McGrady, and the father of the minor appellees, who are the children of L. E. McGrady and appellee Tommie L. McGrady.

The grounds of recovery alleged in the pleading are in substance that L. E. McGrady was, on January 2, 1923, an employee of A. M. Burns, a plumbing contractor in the city of Palestine, Tex., and received injuries on that date, in the course of his employment, which resulted in his death on December 4, 1923; and that at the time of his alleged injury his employer, A. M. Burns, was a subscriber under the Employers' Liability Act of Texas (Rev. St. 1925, arts. 8306–8309), and held a policy of workmen's compensation insurance issued by appellant.

The pleading of appellees further alleges that L. E. McGrady began to work for A. M. Burns on October 15, 1922, about two and one-half months prior to the injury which caused his death, and had never worked in such employment prior to the time he began such work for A. M. Burns; "that there were no other employees of the same class as the said L. E. McGrady, who worked substantially the whole of the year immediately preceding the injury to the said L. E. McGrady in the same employment with the said L. E. McGrady, or in a similar employment, in the same or in a neighboring place; that the character of work that the said L. E. McGrady was engaged in at the time of his injury was heavy manual labor, and was not very remunerative; and the same was usually performed by a class of drifting or transient laborers, who were accustomed to work for a few days or weeks at one place and to then move on to some other locality; wherefore by reason of the shortness of time in which the said L. E. McGrady had been working in such employment at the time of his injury, and by reason of the fact that no other employees in the same class with the said L. E. McGrady had worked in the same or a similar employment as that in which the said L. E. McGrady was working at the time of his injury, in the same or in a neighboring place, for substantially the whole of the year immediately preceding the injury to the said L. E. McGrady, defendants allege that it is impracticable to compute the average weekly wages in the manner prescribed under the term 'average weekly wages' in paragraphs 1 and 2, part 4 of the Employers Liability Act, but defendants allege that at the time of his injuries and for about eight weeks prior thereto the average weekly wages of the said L. E. McGrady were $15.00 per week."

Appellees prayed for judgment against appellant for compensation in the sum of 60 per cent. of said average weekly wages for 360 weeks.

The substance of appellant's pleading is thus sufficiently stated in its brief:

"Appellant answered by general demurrer, special exceptions, and by general denial, and a special answer to the effect that appellees' claim was not filed within six months after McGrady's death, as required by law, and therefore the court had no jurisdiction; and further specially answered that L. E. McGrady was not injured, as alleged, and that he did not die as a result of such injury, but that he died from apoplexy caused by very high blood pressure and hardening of the arteries which existed for some time prior to the alleged injury, and that said condition was the sole cause of his death."

Upon the trial in the court below the jury, in response to special issues submitted by the court, found all of the fact issues affecting the jurisdiction of the court and the liability of appellant in favor of the appellees, and further found that L. E. McGrady had not worked in the employment in which he was engaged at the time of his injury for a substantial part of the immediately preceding year, but that 60 per cent. of the average weekly wage of $15 for 360 weeks should be allowed appellees as compensation just and fair to all the parties to the suit.

It was agreed that appellees should recover in a lump sum any compensation to which they were entitled.

In accordance with the verdict of the jury and the agreement just stated, judgment was rendered in favor of appellees against appellant for the aggregate sum of $3,624.24.

The pleadings of appellee and the uncontradicted evidence sustain the finding of the jury that L. E. McGrady had not worked in the employment in which he was engaged at the time of his injury for a substantial part of the year immediately preceding.

The evidence shows that the wages received by McGrady during the time he worked for Burns averaged $15 per week. J. W. Smith, a witness for appellees, testified:

"Mr. Burns had several laborers employed; that was what Mr. McGrady was called. I think Mr. Burns has been in that class of work since 1905. Yes sir, he has been employing laborers all that time. Yes sir, other plumbers employ laborers to do the same class of work Mr. McGrady was doing, in Palestine, and have been for a number of years."

There was no evidence showing the average annual wages for this class of labor paid to any employee who worked substantially the whole of the year immediately preceding McGrady's injury in the same or similar employment, in the same or neighboring places.

Under appropriate assignments and propositions, appellant contends that upon this state of the record the trial court erred in submitting to the jury the question of what average weekly wages for L. E. McGrady would seem to the jury to be fair and just to all parties, plaintiffs and defendant; and that the verdict of the jury, fixing the amount of compensation found for appellees on the basis of 60 per cent. of an average weekly wage of $15, has no support in the evidence.

We think these contentions should be sustained.

By the charge of the court the jury were asked: "What sum of money do you designate as the average weekly wages of the said L. E. McGrady at the time of the injury received by him which to you may seem just and fair to all parties, plaintiffs and defendant? Answer in figures."

In response to this question the jury answered, "$15.00."

██ Appellant objected to this charge, upon the grounds above indicated, before its submission to the jury.

It is now definitely settled by the decisions of our Supreme Court that the "average weekly wages" which constitute the basis for compensation of claimants under article 8309, Revised Statutes of 1925, must be arrived at in the manner prescribed in first subsections 1 or 2 of section 1 of the cited article, if practicable, and cannot be fixed in the manner designated by first subsection 3 of section 1 of the article unless it be first shown that such average weekly wages cannot be ascertained by the method pointed out in first subsections 1 or 2 of section 1. American Employers' Insurance Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26.

The uncontradicted testimony of appellees witness J. W. Smith, before set out, shows that it was practicable for appellees to have complied with first subsection 2 of section 1 of the cited article. Having failed to offer any evidence under this section of the article, appellees were not entitled to have the jury fix the basis of their compensation in the manner designated by first subsection 3 of section 1 of the article, which provides in substance that when the average weekly wages upon which the claimed compensation is based cannot be fixed by the method prescribed by first subsections 1 or 2 of section 1 of the article, it may be computed in any manner which may seem just and fair to both parties. Texas Employers' Ins. Association v. Villarreal (Tex. Civ. App.) 1 S.W.(2d) 692; Federal Surety Co. v. Shigley (Tex. Civ. App.) 7 S.W.(2d) 607.

It logically follows that there being no evidence which the jury could lawfully consider in fixing the average weekly wages of L. E. McGrady, the finding of the jury fixing such wages at $15 per week is without any evidence to support it.

We do not think the remaining propositions presented in appellant's brief point out any material error or any that is likely to occur upon another trial. For the error above discussed, the judgment is reversed, and the cause remanded.

Reversed and remanded.