## CONSOLIDATED UNDERWRITERS v. STRAWTHER et al.

No. 3080.

Court of Civil Appeals of Texas. Beaumont.

April 23, 1937.

C. A. Lord, of Beaumont, for appellant.

Tom C. Stephenson and D. E. O'Fiel, both of Beaumont, for appellees.

792

COMBS, Justice.

This is a suit under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.). The appellees, who were plaintiffs in the court below, are the surviving widow and children of E. E. Strawther, deceased. It is alleged that Strawther died as a result of an injury received August 23, 1935, while in the employ of W. M. Mattox, for whom the appellant was the compensation insurance carrier. At the time of the alleged injury, Strawther was engaged in cutting poles and piling. It was the contention of plaintiffs that he was the employee of Mattox, while the defendants contended that he was the employee of Lester Young, an independent contractor. Various issues were submitted to the jury, and, upon their answers to special issues, the trial court entered judgment in favor of the plaintiffs for compensation in the amount of $11.25 per week for 360 weeks, which was commuted to a lump sum in the amount of $3,447.75.

■ The case will have to be reversed for the reason, among others, that the plaintiffs failed to prove that the defendant, Consolidated Underwriters, was the compensation insurance carrier for W. M. Mattox. The plaintiffs introduced before the court for jurisdictional purposes only a certified copy of the certificate filed by the defendant with the Industrial Accident Board, but they made no proof whatever before the jury that the defendant was the compensation insurance carrier. This precise question was before this court recently in Traders & General Ins. Co. v. Rudd, 102 S.W. (2d) 457; and while we regret to reverse any case upon purely technical grounds which bear no relation to the judgment, we cannot do otherwise than reverse this case for the reason discussed in the Rudd Case.

■ It happens that in this case there are other errors which would necessitate a reversal. The plaintiffs alleged that the deceased was a laborer; that he had worked substantially the year next preceding the accident for a wage of $3.50 per day. They alleged alternatively, that if he did not work substantially the year next preceding the date of the accident, that the average daily wage of an employee of the same class working substantially the whole of the preceding year was the sum of $3.50 per day. Upon the trial, no attempt was made to show that the deceased had worked substantially the year preceding the accident; and no attempt was made to show that the average daily wage of the deceased could not be established under first subdivision 1 of section 1, art. 8309, Vernon's Annotated Civil Statutes. The trial court, therefore, was not authorized to submit an issue under first subdivision 2, as was done. Vernon's Ann. Civ.St. art. 8309; American Employers' Ins. Co. v. Singleton (Tex.Com.App.) 24 S.W. (2d) 26; Globe Indemnity Co. v. McClurg (Tex.Civ.App.) 38 S.W.(2d) 125; Texas Employers' Insurance Ass'n v. McGrady (Tex.Civ.App.) 30 S.W.(2d) 588; Texas Employers' Insurance Ass'n v. Edwards (Tex.Civ.App.) 59 S.W.(2d) 885.

■ We overrule the appellant's contention that it was entitled to an instructed verdict. It is contended that the uncontroverted evidence established that Strawther was employed by Lester Young, an independent contractor, and not by Mattox. While the evidence tended strongly to establish such fact, yet, there is evidence that Strawther was the employee of Mattox. In view of another trial, we will not discuss the evidence further than to say that the issue was raised by the testimony of the witness Dunn, who was the straw-boss or checker directly in charge of the crew, including the deceased, who were engaged in the pole and piling operations. Dunn's testimony was to the general effect that he, Dunn, was employed by Mattox, and his testimony was sufficient to raise an inference that Mattox had ultimate control of the work performed by the deceased and the other employees engaged in the work.

Several other errors are assigned which we do not discuss for the reason that they will not likely arise upon another trial.

For the reasons discussed, the case is reversed and remanded for a new trial.