## FEDERAL UNDERWRITERS EXCHANGE
### v. SANDEL et al.
#### No. 4050.

Court of Civil Appeals of Texas. Beaumont.
Oct. 24, 1942.

Rehearing Denied Nov. 4, 1942.

148

B. L. Collins, of Lufkin, and Lightfoot, Robertson & Gano, of Ft. Worth, for appellant.

Vernis Fulmer, of Nacogdoches, for appellees.

WALKER, Chief Justice.

This is a workman's compensation case with appellant, Federal Underwriters Exchange, the compensation insurance carrier, J. E. Stone Lumber Company, the employer, G. P. Sandel, deceased, the employee, and appellees, Mrs. G. P. Sandel, the surviving widow of the employee, and their two minor children, the compensation claimants. On the verdict of the jury and independent fact findings by the court, judgment was in favor of appellees against appellant for the sum of $6,285.84 to be paid in a lump sum, from which appellant has prosecuted its appeal to this court.

That the deceased received fearful burns in the course of his employment with J. E. Stone Lumber Company is conceded. The jury found that these burns were the producing cause of his death. Appellant's first three points are to the effect that this finding is without support in the evidence, and that on the evidence the death of the deceased did not result from his injuries. These contentions are overruled. G. P. Sandel received his injuries on the 26th day of November, 1940, was carried immediately to the sanitarium, where he remained until his death on the 29th of December, 1940. While he was standing in front of an engine, the throttle valve blew out striking him near the navel. The force of the escaping steam and the valve knocked him about eight feet. The burns were so severe that the skin on his face, body and legs came off when an effort was made to move him and to take his clothes off. On his stomach the burn was almost through to his intestines. Dr. Clarence Smith, an employee of appellant, was the physician of the deceased. He testified (Q. & A. reduced to narrative):

"Mr. Sandel was placed under my treatment immediately after he received the burns. They were dangerous burns; first degree burns about his face and neck, second degree burns on the front of his chest, third degree burns about his belt line—the belt line burn was mighty deep. The burns received by Mr. Sandel were serious enough to have produced death. He died a sudden death, I don't have much concerning it; I believe he just died of a clot in the heart, coronary thrombosis. The thrombosis is a clot—a blood clot, and coronary thrombosis is a clot in the coronary arteries—that supply the heart, anterior and posterior. A burn might produce coronary thrombosis. I would say that the burns received by Mr. Sandel constituted a contributing cause of his death, but I do not think it was the direct cause of the clot. I dieted him for a duodenal ulcer that he said he had; I didn't X-ray him and could not be sure. While I believe that the burns did not constitute the only cause of the death of Mr. Sandel, I think they constituted a contributing cause. I think a man in his condition would be more apt to have a clot on account of the shape he was in, but I don't know that that happened in Mr. Sandel's case."

The evidence, as we have summarized it, not only raised the issue submitted to the jury that the burns received by Mr. Sandel constituted a contributing cause of his death, but it was sufficient to support the jury's affirmative finding to that issue.

We overrule appellant's contention that it was as reasonably probable that the blood clot was caused by the duodenal ulcer as that it was caused by the burns. There was no conclusive proof that the deceased had a duodenal ulcer; Dr. Smith testified simply that he made that statement to him. The proof was that for years Mr. Sandel had been in the best of health, had made no complaints, and did hard work. These circumstances refuted any inference of ulcer arising on Dr. Smith's testimony.

■ The court did not submit the issue of "average weekly wage" under subdivision 1 of Section 1 of Art. 8309, Vernon's Ann.Civ.St., inquiring whether the deceased had worked at the employment on which he was engaged at the time he was injured, or a similar employment, during the whole of the year immediately preceding his injury. The issue on subdivision 2 of this section was submitted and answered in the negative; the issue on subdivision 3 was answered $35 per week. Appellant makes the point that the court erred in refusing to submit subdivision 1. This contention is overruled. It is the law that subdivision 1 must be eliminated, either by the undisputed evidence or by a jury finding, before the judgment in favor of the claimant can have support on a jury finding on subdivisions 2 and 3. American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26. The burden rests upon the claimant to exclude affirmatively subdivision 1. Consolidated Underwriters v. Strawther, Tex.Civ.App., 109 S.W.2d 791. It is not enough that he plead that his average weekly wage can not be calculated under subdivision 1, and then ignore that issue by his testimony; regardless of the state of his pleadings, his evidence or the verdict of the jury must affirmatively exclude it. In this case the claimants plead affirmatively that the average weekly wage of the deceased could not be calculated under subdivision 1. On the undisputed evidence, deceased had not worked with J. E. Stone Lumber Company long enough for his average weekly wage to be computed under subsection 1; he had worked only about seven months. While testifying, Mrs. Sandel was asked the nature of the work he was doing "before he came to J. E. Stone Lumber Company." Against that question appellant made the exception: "That's immaterial and irrelevant to any issue in this case, the kind of work he did before coming to this vicinity." As against the exception, appellees withdrew their question to Mrs. Sandel, and the issue was not subsequently inquired into. Appellant's exception works an estoppel against it to complain on this appeal that appellees did not show by their testimony the nature of the work performed by the deceased and the wage received by him, prior to his employment by J. E. Stone Lumber Company, that is, that they did not affirmatively exclude subsection 1.

■ The court did not err in refusing to submit appellant's requested issue, inquiring whether the thrombosis causing the death of the deceased was produced solely by a duodenal ulcer. That issue was without support in the testimony, as was also the issue requested by it that the thrombosis was produced by some cause other than the burns suffered by the deceased on November 26, 1940. On the undisputed testimony in this case, the burns constituted a producing cause of Sandel's death.

We give special issue No. One, answered by the jury in the affirmative: "Do you find from a preponderance of the evidence that the injury received by G. P. Sandel on November 26, 1940, while working for J. E. Stone Lumber Company was the producing cause of his death?"

The jury came back into court and asked instructions as to their answer to Special Issue No. 1-A: "Do you find from a preponderance of the evidence that the death of G. P. Sandel on or about December 29, 1940, was not solely the result of disease occurring from cause or causes other than the injury received by him on November 26, 1940 at the J. E. Stone Lumber Company?"

■■ Appellant reserved exceptions to the charge of the court, answering the jury's question, on the ground that it was on the weight of the testimony, etc. This exception is overruled. In the first place, without quoting it, we say the charge was not subject to appellant's exception. We do not quote this charge for on the undisputed evidence the burns constituted a producing cause of the death of Mr. Sandel, and whether or not the charge was on the weight of the evidence was immaterial.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

· Affirmed.