Leonardo **BUENO** et al., Appellants,

v.

**GLOBE INDEMNITY COMPANY** et al.,
Appellees.

No. 467.

Court of Civil Appeals of Texas.

Corpus Christi.

April 24, 1969.

Rehearing Denied May 22, 1969.

## OPINION

GREEN, Chief Justice.

This suit was instituted by plaintiffs-appellants Leonardo Bueno, Dr. Walter Lemke, and Memorial Hospital, against defendants-appellees Globe Indemnity Company, and Edna Lee Ward and Gene Stanley d/b/a George Strauss Insurance Agency. Plaintiffs sought to recover compensation benefits including certain medical and hospital bills under the Workmen's Compensation Act from Globe for an on-the-job injury to Bueno occurring on July 29, 1963. They plead in the alternative that if the Court should find that a policy of compensation was not in effect between Bueno's employer Patterson and Globe at the time of the injury, plaintiffs were entitled to recover against the Insurance Agency for breach of an oral contract to provide such coverage. Appellees' defenses, so far as this appeal is concerned, were based on their contentions that at the time of the injury, no contract concerning compensation coverage existed between either of defendants and Patterson, the employer of the injured plaintiff. After the jury verdict was returned, the trial court sustained certain motions of defendants, and rendered a take-nothing judgment.

The answers of the jury to the special issues concerning the nature, extent and duration of Bueno's on-the-job injury were such as to require the entry of a "total and permanent" judgment, with recovery of certain bills and expenses, PROVIDED appellants are correct in their contentions of insurance coverage.

The sole issue on this appeal involves the controversy between the parties as to whether appellants on the trial of the case established by evidence and secured jury findings on the question of insurance coverage sufficient to support a recovery against the compensation carrier against whom suit was filed, or alternatively against the Strauss Insurance Agency. As to the liability of Globe, the burden was on

Law Offices of William R. Edwards, Vernon I. Lay, Jr., Corpus Christi, John J. Pichinson, Corpus Christi (on motion for rehearing), for appellant.

House, Mercer, House & Brock, Franklin D. Houser, San Antonio, Lewright, Dyer & Redford, George Brin, Corpus Christi, for appellees.

appellants to prove that *at the time of the accident to Bueno* his employer Patterson had compensation coverage with Globe Indemnity Company under the provisions of the Compensation Insurance Act. Zurich General Accident & Liability Insurance Company, Ltd. v. Thompson, Tex.Civ.App., 19 S.W.2d 153; Texas Employers' Insurance Association v. Perry, Tex.Civ.App., 35 S.W.2d 1087; Indemnity Insurance Company of North America v. Garsee, Tex.Civ.App., 54 S.W.2d 817; Traders & General Insurance Company v. Rudd, Tex.Civ.App., 102 S.W.2d 457; Consolidated Underwriters v. Strawther, Tex.Civ.App., 109 S.W.2d 791. As to the alternative cause against appellee George Strauss Insurance Agency, appellants had the burden of establishing a contract between Agency and Patterson entered into prior to the injury to furnish workmen's compensation to said employer, and a breach of such contract.

The evidence on the issue of coverage may be summarized thusly: A. J. Patterson, the employer of the injured man, Bueno, testified that he had for many years been engaged in the general contracting business, and that in the course of his business had obtained insurance through the Strauss agency, and that all of his insurance business with Strauss had been by telephone. Several years prior to 1963, he had gone into retirement, and had dropped his compensation and public liability insurance. He testified that he started back in the contracting business when he was negotiating for a construction job with Oriental Laundry in Corpus Christi in late July 1963. On July 24th or 25th he discussed his insurance needs for this work in a telephone conversation with Gene Stanley, a partner of the Strauss Insurance Agency, and talked about the cost, kind, and nature of insurance that would be needed for the job. On previous occasions in former years before his retirement he had requested that various types of insurance be furnished by Strauss, and his requests were always accepted. As a result

of this conversation, so Patterson testified, he was to call Stanley later when he wanted the policy of insurance to go into effect.

Thereafter, on July 28th, Patterson entered into a contract to do a small repair job for Corpus Christi Automotive. He testified that *on July 29th at 8:15 o'clock A.M.,* prior to starting work on this job, he placed a telephone call to the Strauss agency to secure compensation insurance and asked to speak to Stanley. Stanley was out, and he talked to the bookkeeper, Otto Johnson. According to Patterson, he told Johnson to "place my insurance in effect as of that time for compensation and public liability which Mr. Stanley and I had been talking about." He testified: "Yes, I explained to him it was what Mr. Stanley and I had talked about, and he said it would go into effect at that particular time, he seemed to know what we were talking about." After this conversation, Patterson stated he and Bueno drove to the Automotive jobsite, where he left Bueno. It was stipulated that Bueno was injured on that job at *9:15 o'clock A.M. July 29, 1963.* Patterson heard of the injury, and according to his testimony reported the accident to Johnson, the bookkeeper, at 9:40 A.M.

Johnson denied having any conversation with Patterson prior to 9:40 o'clock A.M. His testimony as to his talk with Patterson was:

"At 9:40 on July the 29th, Mr. Patterson called and I answered the phone, and he asked for Mr. Stanley and he was not there, so he told me to tell Mr. Stanley to go ahead and write his liability and compensation, with an estimated payroll of $1600.00, and I told him I would."

Johnson stated that he made an office memo or note of Patterson's request. Johnson testified that he did not have authority to issue binders on compensation insurance, and that his only authority on binding the agency was on automobile in-

surance. On compensation insurance inquiries, he was authorized only to take the information and pass it on to Stanley, or to the underwriting department. This is what Johnson testified he told Patterson he would do, i. e., tell Stanley that Patterson wanted Stanley to go ahead and write the insurance.

Concerning the original conversation between Patterson and him prior to July 29th, Stanley testified that Patterson told him of a job he was going to do for Oriental Laundry Company. Stanley testified of this conversation:

"He told me they were going to require insurance, and he needed it, and was going to have quite a few men on the job, he estimated the payroll to be about 4000, and I told him what the rates would be and what it would cost him, and he said he would call me if he got the job."

No mention was made in this conversation about the Automotive job, on which Bueno was working when he suffered his injury.

Stanley further testified that the first he heard of Patterson's call to Johnson was when he called his office about 10:00 A.M. and talked to Johnson. Upon receiving the information from Johnson of the call, Stanley told Johnson that he would take care of the matter. Upon Stanley's return to the office he wrote a binder for Globe Indemnity Company on a policy of Workmen's Compensation Insurance effective as of 9:40 A.M. Stanley stated that if he had taken the message from Patterson, he would have issued the binder as of the time of the call, and that he would follow the request of the customer as to when the customer wants the policy effective, but that regardless of what time the call came in, the binder was made and became effective as of 9:40 A.M., and not any earlier. Stanley thereafter ordered a policy of compensation insurance from Globe for Patterson effective as of 9:40 A.M. July 29,

1963. Stanley learned of the injury to Bueno from Mrs. Patterson during a telephone conversation at about noon of the 29th, and thereafter had a conversation with Patterson, during which he told Patterson that the latter had coverage if the injury to Bueno occurred after the binder time of 9:40 A.M., and not before. Stanley testified Patterson asked him to make an exception of this case, but that he, Stanley, refused to do so.

The trial court submitted to the jury only one special issue dealing with the controversy between the parties relative to compensation insurance coverage. The issue reads as follows:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the telephone call from the witness Patterson to the witness Johnson about compensation insurance in favor of Patterson was made before 9:15 on the morning of July 29, 1963, the time the parties have agreed Leonardo Bueno was injured?"

The jury answered "Yes" to this special issue.

No other issue was requested by the appellants to be asked the jury on the insurance coverage dispute.

The defendants (appellees) filed separate motions for judgment, in which each contended by various specific assignments that Special Issue No. 1, together with the jury's answer thereto, was insufficient to establish any legal theory upon which plaintiffs could recover from defendants, and failed to resolve controverted fact issues essential to plaintiffs' right to judgment and upon which plaintiffs had the burden of proof. The trial court in its judgment found that said motions "are well taken" and rendered a take-nothing judgment. Appellants' amended motion for new trial was overruled, and this appeal followed.

Appellants state their position on appeal in summarization of their points of error as follows:

## "POINTS OF ERROR I, II, IV, VI, VIII
### (Restated in Summary)

The trial court erred in granting judgment for Defendants Ward and Stanley and Defendant Globe Indemnity Company and in failing to grant judgment for Plaintiffs Bueno, Lemke, and Memorial Hospital in that as a matter of law and under the theory with which this case was tried, the only material disputed issue with respect to workmen's compensation insurance coverage was the time of employer Patterson's telephone call.

## "POINTS OF ERROR III, V, VII
### (Restated in Summary)

The Court erred in granting judgment for Defendants in that a contract of insurance was made making Defendants liable at the time Patterson's first telephone call on the day of the accident was received."

■ We do not agree with appellants that the record reflects that the case was tried on the theory that the *only* material disputed issue with respect to workmen's compensation insurance coverage was *the time* of the telephone conversation between Patterson and the bookkeeper Johnson, i. e., whether such conversation occurred before or after the accident to Bueno. There was no stipulation or agreement between the parties that the jury's answer to issue No. 1 would determine the question of coverage. The *substance* of the conversation between Patterson and Johnson was in issue, as shown by the difference in the versions of Patterson and of Johnson as to what was stated between them. Johnson's authority to bind either Globe or the agency was in dispute as was the matter of Globe's commitment at the time (9:15 A. M.) of the accident. The pleadings of the defendants and the evidence raised material fact issues of coverage in addition to the time element of the aforesaid conversation. Strenuous objections were directed by defendants to the charge and to the submission of the contract coverage claims to the jury by means of special issue No. 1 alone. In those objections counsel pointed out, among other complaints, that the failure of the court's charge to inquire as to the contents of the conversation, and as to Johnson's authority to bind either the Strauss agency or Globe, and as to the time Stanley bound Globe, rendered the issue as submitted ineffective. Although the burden of proof on the coverage dispute was on plaintiffs, defendants requested in writing their special issues on these questions, which were refused by the court. The record does not reflect any other issues being requested by plaintiff. We find nothing in the record which would indicate any waiver by either the Globe Indemnity Company or the Strauss Insurance Agency of any fact finding necessary to the plaintiffs' case.

As to appellee Globe, there were strongly contested issues as to whether it was bound as the insurance carrier at the time of the injury to Bueno at 9:15 A.M. The evidence reflects that the Strauss Agency represented several companies in addition to Globe that carried compensation insurance, and that Stanley had the option of giving this business to either of them. There is no evidence that in Johnson's telephone conversation any insurance company was mentioned, or that Johnson did or said anything which would bind Globe, even if he had the authority to do so, as distinguished from the other companies represented by the agency. Although the bookkeeper's authority to contract for the agency or to bind Globe on a policy of compensation insurance was placed in issue by appellees there is no doubt but that Stanley did have such authority. He readily acknowledged that he did have, and regardless of that such authority is vested in local recording agents by Article 21.14 of the Insurance Code, V.A.T.S. Shaller v. Commercial Standard Insurance Company, 158

Tex. 143, 309 S.W.2d 59, Syl. 2–4. The very best that can be said for the plaintiffs' case is that fact issues for the jury to decide were raised by the evidence as to whether or not the Agency had bound Globe on this coverage prior to the time the accident happened, i. e., 9:15 A.M. July 29, 1963. See Traders & General Insurance Co. v. Rudd, Tex.Civ.App., 102 S.W. 2d 457, n. w. h.; Zurich General Accident & Liability Insurance Company, Ltd. v. Thompson, Tex.Civ.App., 19 S.W.2d 153, n. w. h. Stanley testified definitely that he did not bind Globe prior to 9:40 A.M., regardless of what time the original phone conversation between Patterson and Johnson may have occurred.

■ Rule 279, Texas Rules of Civil Procedure, provides that "* * * all independent grounds of recovery * * * not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived, * * *." Under this rule, where the plaintiff fails to request an issue an affirmative finding to which is essential to plaintiffs' recovery, and the issue is not submitted, judgment must be rendered for the defendant. Glens Falls Insurance Company v. Peters, Tex.Sup.Ct., 386 S.W. 2d 529, and authorities there cited.

■ One of the independent grounds of recovery pleaded against defendant Globe was that Globe was the insurance carrier of Bueno's employer at the time of the accident. In effect, plaintiffs alleged that a contract of insurance existed between the employer of Bueno and Globe at the time of Bueno's injury which would enure to Bueno's benefit. A disputed fact issue existed as to whether or not the alleged contract of insurance was actually agreed to at the time of the accident, and further, as to whether Globe Indemnity Company was a party to such contract at that time. The authority of the bookkeeper Johnson to enter into agreements on compensation insurance was in dispute. The appellants having failed to request special issues on these points (notwithstanding Globe's written objections to failure to submit such issues and defendants having submitted in writing their own requested issues) appellants waived one or more of their essential and independent grounds of recovery.

■ There was no evidence of any action made by Stanley to bind *Globe* on this coverage prior to 10:00 A.M., when Stanley first received the information from Johnson of Patterson's call. This was after the time of Bueno's accident, which occurred at 9:15 A.M. The law appears to be well settled in Texas that an agent has no authority to bind an insurance company to coverage for a loss which has already occurred at the time that the binder is made. Moffett v. Texas Employers Insurance Association, Tex.Civ.App., 217 S.W. 2d 142, wr. ref. n. r. e.; Trinity Universal Insurance Company v. Rogers, Tex.Civ. App., 215 S.W.2d 349, n. w. h.; Westbrook v. Millers Mutual Fire Insurance Company of Texas, Tex.Civ.App., 374 S.W.2d 248, n. w. h.; Wyche v. Trinity Universal Insurance Company, Tex.Civ.App., 198 S.W.2d 158, n. w. h.

The trial court did not err in rendering judgment for appellee Globe Indemnity Company.

Appellants' alternative cause of action against appellee George Strauss Insurance Agency depended upon the existence of an oral contract, allegedly entered into prior to the accident to Bueno, that compensation insurance would be furnished by the agency to Patterson, and a breach of this contract. In the absence of any jury findings or any requests for special issues, such contract and its breach would have to be established by the evidence as a matter of law. Rule 279 and authorities cited supra.

The finding of the jury that the telephone conversation in evidence between Johnson, the bookkeeper for Strauss, and Patterson occurred prior to the accident

did not dispose of all of the material fact issues relating to this portion of the case. The evidence did not show *as a matter of law* that Johnson entered into a contract of insurance with Patterson, because (1) he testified he merely took the message and agreed to pass it on to Stanley, and (2) he testified he did not have authority to contract for the agency on compensation insurance. Appellants argue that Stanley had made Patterson an offer of this insurance coverage in the conversation of July 24th or 25th, and that Patterson's call was an acceptance of that offer. A careful study of this conversation demonstrates that it was limited to details for insurance on a particular job, i. e., the Oriental Laundry contract, and had no reference to a general policy of coverage for Patterson's contractual business, nor of this "Automotive" job on which Bueno was injured. According to Stanley, he was quoting figures to Patterson based on a contract of the estimated size of the Oriental job. Considering carefully the evidence of Patterson, Johnson, and Stanley as to what was said in their various conversations, we find that such evidence does not establish as a matter of law that a contract existed between Strauss agency and Patterson, following the telephone conversation prior to the accident (as found by the jury) between Johnson and Patterson. In view of appellants' failure to request special issues resolving these material fact questions and since the burden was on plaintiffs to establish all essential elements of their case, favorable answers thereto were waived. Rule 279, T.R.C.P.

We have considered each and every proposition raised by appellants in support of their contention of proof as a matter of law of coverage by Globe Indemnity Company or a contract with George Strauss Insurance Agency to furnish such coverage, and breach of such contract, and find them without sufficient merit to justify a reversal of the trial court's judgment.

Judgment affirmed.