EMERALD FOREST UTILITY DISTRICT, Appellant,

v.

SIMONSEN CONSTRUCTION COMPANY, INC., Appellee.

No. C14–83–828CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 19, 1984.

Michael T. Powell, W. Briscoe Swan, Houston, for appellant.

Hayden Burns, Brian Bro, Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

**PAUL PRESSLER, Justice.**

A predecessor to the rights of appellant hired Irving L. Peabody Engineers, Inc. to design an underground sewer system. Appellant contracted with appellee to construct the line according to Peabody's plans and specifications. The line failed soon after its completion and Appellant sued both Peabody and Appellee. The evidence showed that after appellee began construction, it encountered very wet sand conditions. There was testimony that an alternate wet sand construction method should have been used. The jury found that the line failed because the design provided by Peabody was insufficient.

■ The trial court has the responsibility of interpreting the language of an unambiguous contract as a matter of law. *Tower Contracting Company, Inc. v. Flores,* 157 Tex. 297, 302 S.W.2d 396 (1957); *I.O.I. Systems, Inc. v. City of Cleveland,* 615 S.W.2d 786 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). It found that appellant warranted that the plans and specifications provided by Peabody would be sufficient for the construction of the sewer line. On this basis, the trial court submitted special issue number twenty to the jury inquiring whether appellant failed to provide appellee sufficient plans and specifications. The court's judgment was based upon the jury's affirmative answer to this issue.

■ The controlling issue is whether the trial court erred in concluding that appellant warranted the sufficiency of the design of the sewer system. In *Lonergan v. San Antonio Loan & Trust Co.,* 101 Tex. 63, 104 S.W. 1061 (1907), the Supreme Court held that: 1) the specifications for a construction project, as a matter of law, are not guaranteed by either the contractor or the owner who employs the contractor; 2) if there is any obligation resting on the contractor as the guarantor of the sufficiency of the specifications, it must be found expressed in the language of the contract; and 3) the liability of the contractor does not rest upon a guaranty of the specifications by him, but upon his failure to perform his contract to complete and deliver the structure. The rationale underlying the court's holding is that the contractor is in as good a position as the owner to know whether the plans and specifica-

tions are sufficient for the intended purpose. There is, therefore, no justification for imposing on the owner a legal duty to insure the sufficiency of the specifications. *See Turner, Collie & Braden v. Brookhollow, Inc.*, 624 S.W.2d 203 (Tex.Civ.App.—Houston [1st Dist.] 1981), rev'd on other grounds, 642 S.W.2d 160 (Tex.1982).

Appellant did not expressly guarantee the design of the sewer system provided by Peabody. Rather, appellee as the contractor, agreed to provide all equipment, materials and labor necessary to complete the structure according to the contract and to prepare the site and structure in a *workable condition* for final acceptance tests. The appellee warranted to appellant that all work would be of good quality, free from faults or defects, done in accordance with the contract documents and able to pass any inspections, tests or approvals provided for in the contract.

■ The warranty given by appellee further provided that: 1) if required by the engineer prior to approval of final payment, appellee would, without cost to appellant and as required by the engineer, either correct any defective work or, if the work had been rejected by the engineer, remove it from the site and replace it with nondefective work; and 2) appellee was to repair or replace any defects which developed within a year after the certificate of substantial completion was issued by the engineer. Therefore, under *Lonergan* appellee was liable for the breach of its promise to deliver a working sewer system.

The *Lonergan* rationale is applicable here. Appellee was in a position to discover the insufficiency of the design before it executed the contract. Appellant provided appellee with "Instruction to Bidders" which stated in part:

9. CONDITIONS OF SITE AND WORK

Bidders should carefully examine the Plans, Specifications and other documents, visit the site of the work, and fully inform themselves as to all conditions and matters which can in any way affect the work or costs thereof. Should a bidder find discrepancies in, or omissions from the drawings, specifications or other documents, or should he be in doubt as to their meaning and intent, he should notify the Engineer at once and obtain clarification prior to submitting a bid. The submission of a bid by bidder shall be conclusive. evidence that the bidder is fully acquainted and satisfied as to the character, quality and quantity of work to be performed and materials to be furnished.

■ Thus, appellee agreed to investigate and exercise its independent judgment concerning the conditions of the work site and the potential effect of the conditions on the quality and quantity of work to be performed and the materials to be furnished. Appellee had opportunity prior to the submission of its bid to discover that the design of the sewer system was insufficient. In these circumstances, appellee assumed the risk that the design was insufficient. The fact that the engineer misjudged the conditions of the work site causing the specifications to be insufficient does not relieve appellee of its obligation to deliver a working sewer system free from defects. *McDaniel v. City of Beaumont*, 92 S.W.2d 552 (Tex.Civ.App.—Beaumont 1936, no writ).

■ Appellee cites *Turner, Collie & Braden v. Brookhollow, Inc.*, 624 S.W.2d 203, 208 (Tex.Civ.App.—Houston [1st Dist.] 1981, rev'd on other grounds), for the proposition that a cause of action exists in favor of a contractor against an owner who furnishes defective plans and specifications. The court in that case relied on the decisions of *Board of Regents of the University of Texas v. S & G Construction Co.*, 529 S.W.2d 90 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.) and *Newell v. Mosley*, 469 S.W.2d 481 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.). In each of these cases the owner expressly agreed to provide sufficient specifications. Thus, if *Turner, Collie & Braden v. Brookhollow, Inc.*, supra,

is consistent with *Lonergan*, its holding should be construed to be that a contractor can sue the owner for breach of an express warranty by the owner that it will provide sufficient specifications. Appellee has no breach of warranty action against appellant because here appellant never warranted the specifications.

Appellee also argues that the rules of law established in *Lonergan* should not be applied to this case because the contract in *Lonergan* was based on a lump sum consideration rather than on a unit price as in this case. This may indicate that it was the intention of the parties that the contractor only be obligated to supply a certain number of the units. In such case, the contractor would not have agreed to have delivered a completed structure free from defects. In this case there is no need to look to the kind of consideration provided for by the contract to determine the intent of the parties. Appellee expressly agreed to provide a working sewer line free of defects and is liable for its failure to do so.

■ Appellee contends that it is not liable because after it discovered the wet sand conditions, it notified the engineer and appellant and requested that the design of the system be changed. Appellee alleges that Peabody refused its request, and it was then required to follow the original specifications. Section 11.3 of the contract provides that:

"The CONTRACTOR will promptly notify the OWNER and ENGINEER in writing of any subsurface or latent physical conditions at the site differing materially from those indicated in the Contract Documents".  . . .

If appellee had notified both the engineer and the owner *in writing* of the wet sand conditions, it would have been relieved of liability. It is undisputed that appellee never gave this written notice. When a contract provides for a particular form of notice, compliance with such provisions is a condition precedent to invoking the contract rights which are conditioned on the notice. *Handelman v. Handelman*, 608 S.W.2d 298 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The requirement that notice of delays in construction be in writing for the contractor to invoke certain rights under a construction contract was held valid in *Slaughter v. Crisman & Nesbit*, 152 S.W. 205, 209 (Tex.Civ.App.—San Antonio 1913, no writ) and *Wright v. King*, 292 S.W.2d 602 (Tex.Civ.App.—Dallas 1927, no writ). Likewise, the written notice requirement in Section 11.3 is valid. There is no evidence that appellant waived the written notice requirement.

Appellee also argues that appellant is liable for damages caused to appellee by the negligence of appellant's agent, Peabody. Peabody prepared the specifications within the scope of its employment by appellant. Appellee cites *Butler v. Joseph's Wine Shop*, 633 S.W.2d 926 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), as holding that a principal is liable for the acts of its agent.

■ For the doctrine of respondeat superior to apply, a master-servant relationship must exist between appellant and Peabody and appellant must have the power and duty to control Peabody, not only as to what shall be done, but also as to how it shall be done. *Gessell v. Traweek*, 628 S.W.2d 479 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.). There was no special issue requested concerning the extent of control by appellant over the work of Peabody. An affirmative finding to this issue would have been necessary for there to be liability under respondeat superior. This ground of recovery is waived by appellee's failure to request this issue. TEX.R. CIV.P. 279.

■ We need not consider the allegation of substantial performance. No certificate of substantial completion was ever issued; thus the warranty was in effect when the sewer system failed. A finding of substantial performance would not by itself support the trial court's denial of appellant's breach of warranty action against appellee. The other points of error raised will not be considered since our holding above requires a reversal.

The judgment of the trial court is reversed and the cause remanded for a new trial consistent with this opinion.