TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00132-CV






Wal-Mart Stores, Inc., Appellant



v.



Matthew Don Myers, Appellee








FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY

NO. 96C129-L, HONORABLE DAVID B. READ, JUDGE PRESIDING






 Appellee Matthew Don Myers brought suit against Wal-Mart Stores, Inc., seeking
actual and punitive damages for false imprisonment and intentional infliction of emotional distress. 
The jury found Wal-Mart liable for false imprisonment and awarded Myers $10,000 in actual
damages for mental anguish and $20,000 in exemplary damages. Wal-Mart appeals the verdict by
challenging the factual and legal sufficiency of each damage amount awarded. We will affirm in part
and reverse and render in part.


FACTUAL AND PROCEDURAL BACKGROUND

 The management of the Wal-Mart Supercenter in San Angelo suspected that Matthew
L. Myers was falsifying his time card and collecting unearned wages. A Wal-Mart official attempted
to contact Myers by telephone but reached the residence of appellee Matthew Don Myers instead. 
The Wal-Mart official left the following message on Myers's answering machine: "Matt, this is
Wal-Mart. If you could please come up here between four and five today, preferably about 4:30, we
have your check. Thank you." Myers received this message and decided to resolve the issue in
person.

 Myers testified that he entered the Wal-Mart Supercenter on the afternoon of
December 20, 1994 and identified himself as Matthew Myers to an employee at the customer service
desk. He told the employee that he was there to pick up a check. A female employee escorted Myers
to a private area of the store. As he was being led through this area, two Wal-Mart employees
immediately noticed that this was not Matthew L. Myers. The employees informed John McDaniel,
the regional loss-prevention officer, that he had the wrong person; nevertheless, McDaniel
confronted Myers. McDaniel took Myers by the arm and led him into a small room filled with video
surveillance equipment.

 Two other individuals entered the room, and Myers believed he heard the door lock
behind him after they entered. Myers told McDaniel that there must have been a mistake or
misunderstanding and that he did not understand why they were locking him in this small room. 
McDaniel responded by asking Myers a series of pointed questions. After approximately four to five
minutes of questioning, Myers confirmed that he was not the individual Wal-Mart wanted by
presenting his driver's license, social security card, and university identification to McDaniel.

 Myers testified that despite his efforts, McDaniel persisted in his inquiry. McDaniel
asked about Myers's employment and scholastic status and asked if he could contact Myers's
employer and the Dean of Angelo State University. During the course of this interrogation, Myers
repeatedly asked to leave. McDaniel ignored the requests and continued the interrogation. 
According to Myers's testimony, he felt that if he had attempted to leave he would have been
physically restrained by one or more of the three other people in the room.

 Finally one of the three individuals in the room informed McDaniel that he was
speaking to the wrong Matthew Myers. Again, McDaniel proceeded to ask Myers more questions. 
Eventually, an eyewitness was escorted into the room and confirmed that Myers was not Matthew
L. Myers. Nevertheless, the questioning continued. Myers spent a total of forty-five minutes in the
small room at the Wal-Mart Supercenter being questioned by McDaniel.

 Myers testified that he was never employed at Wal-Mart. He worked at the Bentwood
Country Club and attended Angelo State University. As a result of this experience, Myers testified
that he suffered acute sleep deprivation and feared imminent termination from his job or expulsion
from school. He also testified that he experienced stomach pains and general feelings of panic. His
condition caused him to withdraw from campus life at Angelo State University.

 Myers brought this suit seeking damages, both actual and exemplary, for false
imprisonment and intentional infliction of emotional distress. At trial, the jury found Wal-Mart
liable for false imprisonment and awarded Myers $10,000 in actual damages for mental anguish and
$20,000 in punitive damages. Wal-Mart asserts six points of error, essentially complaining of the
factual and legal insufficiency of the evidence.


STANDARD OF REVIEW

 In analyzing a "no evidence" or legal insufficiency issue, we consider only the
evidence and inferences that tend to support the jury's findings and disregard all evidence and
inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992); Pool v. Ford
Motor Co., 715 S.W.2d 629, 634-35 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965);
Ortiz v. Furr's Supermarkets, 26 S.W.3d 646, 651 (Tex. App.--El Paso 2000, no pet.). If more than
a scintilla of evidence supports the questioned finding, the no evidence issue fails. Ortiz, 26 S.W.3d
at 651.

 In reviewing factual sufficiency points of error, the court considers all of the evidence
to determine whether the findings are so against the great weight and preponderance of the evidence
as to be manifestly unjust. In re King's Estate, 244 S.W.2d 660, 661-62 (Tex. 1951); Ingleside v.
Kneuper, 768 S.W.2d 451, 455 (Tex. App.--Austin 1989, writ denied).


DISCUSSIONMental Anguish

 The jury found Wal-Mart liable for false imprisonment, which Wal-Mart does not
contest. However, Wal-Mart raises three points of error regarding the actual damage award for
mental anguish: (1) the evidence was legally and factually insufficient to establish that Myers
suffered mental anguish, (2) the evidence was legally and factually insufficient to support the amount
awarded for mental anguish, and (3) the trial court erred in refusing to instruct the jury on a legal
definition of mental anguish. We will discuss the third point of error first.


 A. Definition of Mental Anguish

 Wal-Mart complains of the trial court's refusal to submit a definition of mental
anguish to the jury in its charge. Courts must define words with technical meaning when issuing jury
instructions. Turner v. Roadway Express, Inc., 911 S.W.2d 224, 227 (Tex. App.--Fort Worth 1995,
writ denied). Mental anguish, however, is not a technical term, but a term of ordinary significance
and meaning. Stevens v. National Educ. Ctrs., Inc., 990 S.W.2d 374, 379 (Tex. App.--Houston
[14th Dist.] 1999, pet. denied); Gulf States Utils. Co. v. Reed, 659 S.W.2d 849, 854 (Tex.
App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.). Thus, the trial court did not err in neglecting
to define mental anguish. Accordingly, we overrule Wal-Mart's third point of error.


 B. Existence of Mental Anguish

 Wal-Mart asserts that the evidence was legally and factually insufficient to establish
that Myers suffered mental anguish. The term "mental anguish" does not lend itself to a precise
definition; courts have struggled to articulate a definition for use in assessing a record for sufficiency
of evidence to support an affirmative finding on the issue. Parkway Co. v. Woodruff, 901 S.W.2d
434, 444 (Tex. 1995). It is commonly held that mental anguish is more than mere disappointment,
anger, worry, anxiety, resentment, or embarrassment. Texas Animal Health Comm'n v. Garza, 27
S.W.3d 54, 63 (Tex. App.--San Antonio 2000, pet. filed); Wal-Mart Stores, Inc. v. Odem, 929
S.W.2d 513, 528 (Tex. App.--San Antonio 1996, writ denied). Compensable mental anguish
includes a sensation of discomfort resulting from "such painful emotions as grief, severe
disappointment, indignation, wounded pride, shame, despair or public humiliation or a combination
of any of these." Odem, 929 S.W.2d at 528. Given that the term implies a high degree of mental
pain and distress, reviewing courts are called upon to "distinguish between shades and degrees of
emotion." Parkway, 901 S.W.2d at 444. It has become clear, however, that where there is direct
evidence of the nature, duration, and severity of a plaintiff's anguish, which establishes a substantial
disruption in his or her daily routine, we must sustain an award of damages for mental anguish. Id. 
Such evidence can be from the claimant's own testimony or that of a third party. Id.

 Myers testified that his experiences at Wal-Mart produced nervousness, anxiety,
stomach pains, and sleep deprivation for approximately six weeks. Also, Myers feared imminent
termination from his place of employment and expulsion from school. One of Myers's friends
testified that Myers withdrew from social activities, which was unusual because he was very
amicable and sociable. Taken collectively, these physical and emotional reactions amount to more
than mere disappointment or resentment. Reactions of this type would affect one's daily routine. 
He did not miss work or drop out of school. However, his job was his only means of paying college
tuition and supporting himself. Mental anguish requires negative emotions that interfere with daily
activities; however, one need not prove that one could not function in society. Colonial County Mut.
Ins. Co. v. Valdez, 30 S.W.3d 514, 526 (Tex. App.--Corpus Christi 2000, pet. denied) (holding
mental anguish satisfied when appellee developed high blood pressure and sleeping disorders
because he felt deceived, very angry, and powerless); Garza, 27 S.W.3d at 66 (finding evidence of
mental anguish sufficient where wife offered testimony that plaintiff was irritable, depressed,
stressed, and suffered weight gain, weight loss, sleeplessness, and a breakout of hives); Texas
Farmers Ins. Co. v. Cameron, 24 S.W.3d 386, 395 (Tex. App.--Dallas 2000, pet. denied) (finding
mental anguish satisfied when appellee experienced feelings of terror, suffered from sleep
deprivation, and reduced participation in church activities after being accused of setting fire to her
house in order to collect insurance money); Norwest Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 862
(Tex. App.--Corpus Christi 1999, pet. denied) (finding sufficient evidence that plaintiff suffered
stomach cramps and was unable to eat or sleep and felt desperate).

 In reviewing only the evidence and inferences that tend to support the jury's findings,
we conclude that there was more than a scintilla of evidence for the jury to decide that Myers
suffered compensable mental anguish. In addition, after reviewing the evidence in its entirety, we
conclude that the jury's determination that Myers suffered compensable mental anguish does not go
against the great weight and preponderance of the evidence. Both Myers and his friend testified to
the former's physical and emotional reactions to the interrogation. The witnesses addressed the
duration of these reactions. It is the province of the jury to weigh such testimony and to resolve the
difficulties presented by the evidence. Carrasco v. Goatcher, 623 S.W.2d 769, 772 (Tex. App.--El
Paso 1981, no writ). We conclude that the verdict is not manifestly unjust or so irrational as to 
shock the conscience. Accordingly, we overrule Wal-Mart's first point of error.


 C. Amount Awarded for Mental Anguish

 Next, we must determine whether the evidence is both legally and factually sufficient
to support the amount awarded for mental anguish. Juries normally determine the damage award in
a false imprisonment case and may look to physical injuries as well as intangible injuries, such as
public humiliation and wounded pride, to calculate the award. Odem, 929 S.W.2d at 527-28. We
give discretion to the jury in setting the amount because it is best suited to determine whether and
to what extent the defendant's conduct caused compensable mental anguish. GAB Bus. Servs., Inc.
v. Moore, 829 S.W.2d 345, 350 (Tex. App.--Texarkana 1992, no writ). 

 In addition to the evidence of compensable mental anguish, there must also be some
evidence to justify the amount awarded. Saenz, 925 S.W.2d at 614. Translating mental anguish into
a dollar amount is a difficult task. Thus, juries must be given a measure of discretion in finding
damages; however, that discretion is not unlimited. Id. ("While the impossibility of any exact
evaluation of mental anguish requires that juries be given a measure of discretion in finding
damages, that discretion is limited. Juries cannot simply pick a number and put it in the blank.");
Burlington Coat Factory Warehouse of El Paso, Inc. v. Flores, 951 S.W.2d 542, 548 (Tex. App.--El
Paso 1997, no writ). Juries must find an amount that would reasonably compensate for the loss. 
Saenz, 925 S.W.2d at 614. Although reasonable compensation is an elusive concept, finders of fact
are charged with calculating such a sum. Id.

 In reviewing the damages awarded for mental anguish, we require only that the
amount awarded compensate the aggrieved party in a fair and reasonable way. Saenz, 925 S.W.2d
at 614. Having thoroughly reviewed the facts upon which the jury based its award, we conclude that
on these facts an award of $10,000 is not unreasonable. Consequently, we overrule Wal-Mart's
second point of error.


Exemplary Damages

 Wal-Mart raises three final points of error complaining of the exemplary damages
award: (1) exemplary damages are unavailable because Myers failed to obtain a finding that his
injuries resulted from fraud, malice, or gross negligence; (2) the evidence was factually and legally
insufficient to establish a finding of malice; and (3) Myers cannot obtain exemplary damages because
he is not entitled to receive actual damages. We will first review whether Myers failed to obtain a
finding that his injuries resulted from fraud, malice, or gross negligence.

 Punitive damages, unlike compensatory damages, are not designed to make an
aggrieved party whole; instead they are intended "to punish the defendant for outrageous, malicious,
or otherwise morally culpable conduct," and to serve as a deterrent. Transportation Ins. Co. v.
Moriel, 879 S.W.2d 10, 16 (Tex. 1994). However, exemplary damages may be awarded only if the
claimant proves that his personal injury results from fraud, malice, or gross negligence. Tex. Civ.
Prac. & Rem. Code Ann. § 41.003(a) (West 1987); see also Ingleside v. Kneuper, 768 S.W.2d 451,
455 (Tex. App.--Austin 1989, writ denied). 

 The jury found that Wal-Mart, through its agents or employees, exhibited outrageous
and morally culpable conduct toward Myers. (1) To support the recovery of punitive damages,
however, "there must be a finding of actual malice: ill-will, spite, evil motive or purposing the
injuring of another." Clements v. Withers, 437 S.W.2d 818, 822 (Tex. 1969). Stated another way,
the plaintiff must show that the defendant was "guided by an evil mind which either consciously
sought to damage [the plaintiff] or acted intentionally, knowing that its conduct was likely to cause
unjustified, significant damage to the [plaintiff]." Moriel, 879 S.W.2d at 18. It is not enough that
the conduct be condemnable; it must also be done with the requisite intent or in conscious disregard
of the plaintiff's rights. "There is no magic about the word 'malicious'--either for judges or for
jurors, but the addition of such a word in the instruction would have pointed the jury to the
requirement that they must find motive or purpose on the part of the defendants." Clements, 437
S.W.2d at 822. The finding obtained by Myers, while perhaps an accurate description of the conduct
displayed by Wal-Mart's agent, is inadequate to establish malice on the part of Wal-Mart.

 Myers had the burden at trial of establishing that Wal-Mart acted with malice; he also
had the burden of ensuring that there was a proper instruction on malice in the jury charge. See Tex.
R. Civ. P. 279. It is clear from a review of the charge conference that Myers had ample opportunity
to ensure that such issues were included in the charge. During the charge conference, Wal-Mart
submitted an instruction on malice that the trial court denied. Conversely, Myers failed to offer an
instruction as to malice.

 A party's failure to submit a properly worded issue to the court for submission to the
jury constitutes waiver on that theory of recovery or defense. Tex. R. Civ. P. 278; Cosgrove v.
Grimes, 774 S.W.2d 662, 666 (Tex. 1989). When, as here, the plaintiff fails to request an issue, and
an affirmative finding upon such omitted issue is essential to recovery, the trial court must render
judgment for the defendant. See Walker v. Comdata Network, Inc., 730 S.W.2d 769, 771 (Tex.
App.--Dallas 1987), dism'd, 741 S.W.2d 927 (Tex. 1988); Cameron County v. Velasquez, 668
S.W.2d 776, 781 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.) (quoting Bueno v. Globe Indem.
Co., 441 S.W.2d 643, 648 (Tex. Civ. App.--Corpus Christi 1969, no writ)). As discussed above,
the issue of malice was essential to Myers's recovery of exemplary damages. By failing to request
or obtain a finding on malice, Myers waived recovery of those damages. See Tex. R. Civ. P. 279;
see also Emerald Forest Util. Dist. v. Simonsen Constr. Co., 679 S.W.2d 51, 54 (Tex.
App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). 

 As there were no findings or instructions concerning malice, there is no support for
exemplary damages. Wal-Mart's fourth point of error is sustained.

 Having concluded that Myers failed to obtain a finding on malice, we do not need to
address Wal-Mart's fifth issue on appeal. Because we have previously determined that Myers is
entitled to the actual damages, we overrule Wal-Mart's sixth issue.


CONCLUSION

 Having found the evidence legally and factually sufficient to support the jury's award
of actual damages, we affirm the judgment in that respect. Because there is no finding of malice to
support the award of punitive damages, we reverse and render judgment that Myers is not entitled
to punitive damages.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed in Part; Reversed and Rendered in Part

Filed: August 9, 2001

Do Not Publish

1. The jury answered affirmatively to the following question: "Do you find by a preponderance
of the evidence that Defendant, Wal-Mart Stores, Inc., or its agents, servants, and/or employees
exhibited outrageous or morally culpable conduct as to Plaintiff, Matthew Don Myers, on the
occasion in question?"


n conscious disregard
of the plaintiff's rights. "There is no magic about the word 'malicious'--either for judges or for
jurors, but the addition of such a word in the instruction would have pointed the jury to the
requirement that they must find motive or purpose on the part of the defendants." Clements, 437
S.W.2d at 822. The finding obtained by Myers, while perhaps an accurate description of the conduct
displayed by Wal-Mart's agent, is inadequate to establish malice on the part of Wal-Mart.

 Myers had the burden at trial of establishing that Wal-Mart acted with malice; he also
had the burden of ensuring that there was a proper instruction on malice in the jury charge. See Tex.
R. Civ. P. 279. It is clear from a review of the charge conference that Myers had ample opportunity
to ensure that such issues were included in the charge. During the charge conference, Wal-Mart
submitted an instruction on malice that the trial court denied. Conversely, Myers failed to offer an
instruction as to malice.

 A party's failure to submit a properly worded issue to the court for submission to the
jury constitutes waiver on that theory of recovery or defense. Tex. R. Civ. P. 278; Cosgrove v.
Grimes, 774 S.W.2d 662, 666 (Tex. 1989). When, as here, the plaintiff fails to request an issue, and
an affirmative finding upon such omitted issue is essential to recovery, the trial court must render
judgment for the defendant. See Walker v. Comdata Network, Inc., 730 S.W.2d 769, 771 (Tex.
App.--Dallas 1987), dism'd, 741 S.W.2d 927 (Tex. 1988); Cameron County v. Velasquez, 668
S.W.2d 776, 781 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.) (quoting Bueno v. Globe Indem.
Co., 441 S.W.2d 643, 648 (Tex. Civ. App.--Corpus Christi 1969, no writ)). As discussed above,
the issue of malice was essential to Myers's recovery of exemplary damages. By failing to request
or obtain a finding on malice, Myers waived recovery of those damages. See Tex. R. Civ. P. 279;
see also Emerald Forest Util. Dist. v. Simonsen Constr. Co., 679 S.W.2d 51, 54 (Tex.
App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). 

 As there were no findings or instructions concerning malice, there is no support for
exemplary damages. Wal-Mart's fourth point of error is sustained.

 Having concluded that Myers failed to obtain a finding on malice, we do not need to
address Wal-Mart's fifth issue on appeal. Because we have previously determined that Myers is
entitled to the actual damages, we overrule Wal-Mart's sixth issue.


CONCLUSION

 Having found the evidence legally and factually sufficient to support the jury's award
of actual damages, we affirm the judgment in that respect. Because there is no finding of malice to
support the award of punitive damages, we reverse and render judgment that Myers is not entitled
to punitive damages.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed in Part; Reversed and Rendered in Part

Filed: August 9, 2001

Do Not Publish

1. The jury answered affirmatively to the following question: "Do you find by a preponderance
of the evidence that Defendant, Wal-Mart Stores, Inc., or its agents, servants, and/or employees
exhibited outrageous or morally culpable conduct as to Plaintiff, Matthew Don Myers, on the
occasion in question?"


n conscious disregard
of the plaintiff's rights. "There is no magic about the word 'malicious'--either for judges or for
jurors, but the addition of such a word in the instruction would have pointed the jury to the
requirement that they must find motive or purpose on the part of the defendants." Clements, 437
S.W.2d at 822. The finding obta